472 P.2d 41

**F. C. ALEXANDER, Cochise County Treasurer, and Cochise County, a body politic, Petitioners,**

**v.**

**Anthony T. DEDDENS, Judge of the Superior Court of Arizona, in and for the County of Cochise; Fred P. TALMADGE, Real Party in Interest, Respondents.**

**Nos. 9930–9933.**

Supreme Court of Arizona,
In Banc.

July 8, 1970.

Richard J. Riley, Cochise County Atty., Bisbee, for petitioners.

Wesley E. Polley, Bisbee, for respondents.

HAYS, Justice.

This matter comes to us on a petition for special action. There are four causes of action involving the same parties and the same issues, Alexander v. Deddens, No. 9930, 9931, 9932, 9933. In each case the petitioner, the Cochise County Treasurer, seeks to have this Court set aside the order of respondent, the Honorable Anthony T. Deddens, Presiding Judge—Juvenile Judge, directing the treasurer to pay counsel fees to Fred P. Talmadge. Mr. Talmadge had been appointed by the juvenile court to represent indigent juveniles on four separate occasions.

The issue before this Court is twofold: (1) Does the juvenile court have the statutory authority to order compensation for court appointed counsel in juvenile proceedings; and (2) if it does, may the court directly order the treasurer to make the payment, or is it necessary to first make a demand upon the county through the board of supervisors?

Compensation for appointed counsel for indigents in criminal proceedings and insanity hearings is provided for in A.R.S. § 13–1673. Petitioner contends that since a juvenile proceeding is not classified as a criminal proceeding that the statute does not authorize compensation for counsel appointed to represent indigent juveniles. We do not agree.

The statute in question is comparable though not identical to § 987 of the California Penal Code from which it was adopted. See West's Ann.Pen.Code, § 987. We have previously held that " * * * when a particular statute is taken from the laws of another state the interpretation of that statute by the courts of that state is

'highly persuasive' in our construction of the statute." Industrial Commission v. Harbor Insurance Co., 104 Ariz. 73, 75, 449 P.2d 1, 3 (1968). Recently, in Luke v. County of Los Angeles, 269 Cal.App.2d 495, 74 Cal.Rptr. 771 (1969), the California Court of Appeals had occasion to construe § 987(a) of the Penal Code which provides compensation for court appointed counsel for persons charged with a crime. Here the attorney was appointed by the superior court to represent an indigent in a narcotics commitment proceeding. The court held that the attorney was entitled to compensation even though a narcotics commitment proceeding is a civil proceeding and § 987(a) of the Penal Code speaks in terms of criminal proceedings. The court felt that it was the intent of the legislature that all court appointed counsel in custodial proceedings be compensated.

We agree with this reasoning and believe it to be consistent with the intent of the Arizona Legislature in adopting A.R.S. § 13-1673 from the laws of California. This belief is buttressed by the fact that the statute refers to two types of custodial proceedings, i. e., criminal proceedings and insanity hearings. We believe it would be inconsistent with the intent of the legislature to award compensation to court appointed counsel in a civil custodial proceeding such as an insanity hearing and then to deny such compensation to court appointed counsel in a juvenile proceeding which is also a civil custodial proceeding.

Petitioner's second contention that the juvenile judge should not be permitted to direct the treasurer to pay the ordered fee is without merit. The statute gives the court the power to award fees in "such amount as the court in its discretion deems reasonable, considering the services performed." It would be inconsistent with this power to prohibit the judge from directing the treasurer to pay the fees he has awarded. This Court, however, takes no position on whether a court should have a claim submitted to the board of supervisors for approval on the customary form or directly order the treasurer to pay the fees. This is a matter which should be governed by the fiscal and administrative practices of the county in which the court sits. If, however, the board of supervisors or any other such body attempts to interfere with the discretion of the court in awarding counsel's fees then the court has the power to order the treasurer to make payment.

Petitioner's prayer for relief sought in special action is denied.

LOCKWOOD, C. J., STRUCKMEYER, V. C. J., and UDALL and McFARLAND, JJ., concur.