588

545 P.2d 45

Moise BERGER, Maricopa County
Attorney, Petitioner,

v.

The Honorable C. Kimball ROSE, Judge of
the Superior Court, Respondent,

and

Marvin W. MANROSS, Michael A. Miller,
and William H. Feldhacker, Real Par-
ties in Interest, Respondents.

No. 12442.

Supreme Court of Arizona,
En Banc.
Jan. 28, 1976.

Albert I. Firestein, Phoenix, for petition-
er.

Richard L. Thompson, Phoenix, for re-
spondent Manross.

Michael A. Miller, in pro. per.

William H. Feldhacker, in pro. per.

HAYS, Justice.

This matter came to us as a special ac-
tion pursuant to the Rules of Procedure
for Special Actions, A.R.S. 17A. A crimi-
nal complaint was filed against four de-
fendants, and a preliminary hearing was
commenced in the Tolleson Justice of the
Peace Court. Before the state had com-
pleted its presentation of evidence, the jus-
tice of the peace dismissed the charges
against defendants. The county attorney
thereafter filed a special action in Superior
Court which was heard by the Honorable
C. Kimball Rose.

At the hearing on the special action, the
judge appointed the respondents, Manross,
Miller and Feldhacker, to represent the de-
fendants in that proceeding; they had pre-
viously represented the defendants in the
preliminary hearing. After hearing argu-
ments the court entered the following or-
der which among other things contained:

"IT IS ORDERED, as to all defend-
ants dismissing this cause with prejudice

"As to costs,

"IT IS ORDERED that costs in this
matter be assessed against the county at-
torney; said costs being the costs of ap-
pointed counsel."

Thereafter, the court entered an order
directing that the attorneys be paid out of

the budget of the county attorney. The county attorney filed this action contending that the court lacked authority to appoint counsel for defendants in a special action, and further the court had no authority to direct that costs or attorney fees be paid out of the county attorney's budget.

■ A.R.S. § 13–1673 indicates that counsel may be appointed in "a criminal proceeding or insanity hearing." In a technical sense, a special action may be characterized as a civil proceeding, but it is obvious here that the special action in this instance concerns a "custodial proceeding" which requires the appointment of counsel for indigent defendants. *Alexander v. Deddens*, 106 Ariz. 172, 472 P.2d 41 (1970).

■ With regard to the final point raised by the county attorney, we note that Rule 7, Rules of Procedure for Special Actions, A.R.S. 17A, provides:

"(e) The provisions of A.R.S. § 12–2106 on damages for frivolous appeals or appeals for delay apply to special actions."

In assessing costs, the court apparently considered the special action filed by the county attorney in the Superior Court to be a frivolous action. However, the language of § 12–2106 indicates that it applies to appellate courts only and we so hold. The assessment of costs or other penalty against the budget of the county attorney was in this instance beyond the jurisdiction of the Superior Court. We hold, however, that the appointment of counsel and subsequent payment of attorney's fees by the county from an appropriate fund is proper.

Remanded for proceedings consistent with this opinion.

CAMERON, C. J., STRUCKMEYER, V. C. J., and HOLOHAN and GORDON, JJ., concur.