Argued June 12; affirmed July 8, 1931.

## BANK OF CALIFORNIA NAT. ASS'N *v.* BISHOP ET AL.

(300 P. 1023)

*Custer E. Ross,* of Salem, for appellant.

*Thomas G. Greene,* of Portland, for respondent.

BELT, J. This is a suit for the strict foreclosure of a vendee's interest in an executory contract for the purchase of real property. On the 14th day of Jan-

uary, 1926, Wm. A. Macrae, as trustee for the plaintiff bank, entered into a written contract with the defendant W. J. Bishop to sell 456 acres of land in Polk county, known as the Alluvial Farm, at a price of $24,879. This amount was to be paid as follows: "Fifteen Hundred (1500) Dollars on or before the 1st day of March, 1926, and Fifteen Hundred (1500) Dollars on or before the 1st day of September, 1926, and thereafter the sum of Fifteen Hundred (1500) Dollars on or before the first days of March and September of each year from 1927 to 1932, both years inclusive, Fifteen Hundred (1500) Dollars on or before March 1, 1933, and Twenty-three Hundred Seventy-nine (2379) Dollars on or before the 1st day of September 1933, together with interest upon the deferred payments of the whole amount at the rate of six per cent per annum to be paid at the time of making the several deferred payments hereinabove stated." The contract, so far as material herein, further provided that time was the essence of the agreement and "in case said party of the second part (vendee), his legal representatives or assigns shall pay the several sums of money aforesaid, punctually and at the times specified, and shall strictly observe and perform all and singular the agreements and stipulations aforesaid, according to the true intent and tenor thereof, then the party of the first part (vendor) will make unto the party of the second part or his heirs or assigns, upon request and upon the surrender of this agreement, a good and sufficient deed of conveyance conveying said premises in fee simple clear of incumbrances, except taxes, assessments or other liens or charges created or suffered by said party of the second part or his assigns." In the event that the vendee failed to make the payments, or any of them, in accordance with the strict

terms of the contract the vendor had the right to declare the agreement null and void and any payments the purchaser had made thereunder forfeited.

It is alleged in the complaint that the defendant Bishop defaulted in the payment of $1,500 on principal due March 1, 1930, and of interest at such time due on the whole amount of the contract amounting to $4,601.37 and that, by reason thereof, plaintiff elected to declare the whole unpaid amount of the contract as due and owing.

There is no dispute as to the execution of the contract nor the failure of the defendant Bishop to pay the installment and interest on March 1, 1930, as alleged by the plaintiff. Defendant claims, however, that the contract relative to the payment of interest did not express the true intent and meaning of the parties by requiring its payment on the whole amount due under the contract ''at the time of making the several deferred payments.'' Defendant asked to have the agreement reformed with reference to such matter so that the interest ''would be paid at the time of making the final deferred payment.'' Bishop averred that he was ready, able and willing on March 1, 1930, to make the payment of $1,500 on the principal due on that date although such amount was not tendered or paid into court—but that plaintiff refused to accept the same for the reason that he did not offer to pay the interest as above stated.

The defendants Seidenberg, Weller and Simpson filed notices of disclaimer of any interest in the real property and suit was dismissed as to them. After hearing, the trial court decreed that the contract should be strictly foreclosed and that, within 90 days from date of the decree, Bishop should pay the amount due thereon, namely $18,980.37, together with interest at

the rate of six per cent per annum from March 1, 1930, and that, in default of such payment, his rights therein should be forever barred and foreclosed. Hence this appeal.

■■ It is urged as a proposition of law that plaintiff should not be permitted to maintain this suit for the reason that it is not alleged nor proven that a deed was tendered. Whether it was necessary, as a condition precedent to the commencement of this suit, to tender a deed to the defendant depends upon whether the covenants relative to the making of the payments and the execution of the deed were interdependent. If the payments and the execution of the deed were intended by the parties to be concurrent acts then the contention of appellant is sound. If, however, the deed was not to be delivered until the final payment was made under the contract, the covenants in reference thereto are independent and any allegations in the complaint concerning the ability of the vendor to perform are superfluous. In the instant case it is well to bear in mind that the vendee went into possession of the property and that the default in question pertained to an intermediate installment. Furthermore, we think that, from the language of the contract, it is clear that the vendor was obliged to tender a deed only when there had been a strict compliance with the terms as to payments by the vendee: *Lea v. Blokland,* 122 Or. 230 (257 P. 801); *Walker v. Hewitt,* 109 Or. 366 (220 P. 147, 35 A. L. R. 100); *Loud v. Pomona Land & Water Co.,* 153 U. S. 564, 38 L. Ed. 822, 14 S. Ct. 928. As stated in 27 R. C. L. 460:

"* * * where payments are to be made by installments at certain times, and as a consideration therefor the vendor is to convey, the vendor's agreement to convey is independent and he may sue for any and all instalments without an offer to convey."

■ Relative to the question as to whether a mutual mistake was made concerning the time of paying the interest, we think the record clearly supports the finding of the trial court. The contract, as written, expresses the agreement of the parties. It is important that the sanctity of written instruments be preserved. For that reason, this court has consistently followed the rule that an instrument will not be reformed except upon clear and convincing proof: *Dolph v. Lennon's, Inc., et al.,* 109 Or. 336 (220 P. 161).

■■ The remaining question is whether the plaintiff, in view of the fact that $12,000 has been paid on the purchase price and substantial improvements made on the farm, is entitled to the decree of strict foreclosure. The decree rendered in the lower court was dated July 29, 1930, and since that time a receiver has been in possession. Especially in these times of economic depression and moratoriums, equity does not look with favor upon forfeitures. Viewing the record in its entirety, we think it is equitable and just to allow the defendant Bishop six months from date of mandate of this court in which to pay the amount due under the contract. With this modification, the decree of the lower court is affirmed.

BEAN, C. J., BROWN and CAMPBELL, JJ., concur.