Argued March 23; affirmed April 25, 1933

# PETTIGROVE v. CORVALLIS LUMBER MFG. CO., Inc., ET AL.

(21 P. (2d) 198)

*Chester A. Sheppard,* of Portland (Sheppard & Phillips and Harley W. Allen, all of Portland, on the brief) for appellant.

*Oscar Hayter,* of Dallas (McCamant, Thompson & King, of Portland, on the brief) for respondents.

RAND, C. J.  This is an action to recover brokerage commissions under an oral agency contract of employment for the sale of a sawmill plant which consisted of lands, buildings, machinery, tools and other personal property.  The evidence shows that plaintiff found a purchaser who bought the property from defendants and contracted with defendants to pay therefor the sum of $131,500 cash and to assume $60,000 worth of outstanding and unpaid bonds issued by the vendor.

An agreement authorizing or employing an agent or broker to sell or purchase real estate for a compensation or commission, to be enforceable under section 9-909, Oregon Code 1930, must be in writing and plaintiff concedes that he cannot recover under the contract unless it was divisible since it included both real estate and personal property.

At the close of plaintiff's case in chief, he being the sole witness in the case and having testified that the contract was not in writing and included both real estate and personal property, defendants challenged the sufficiency of the evidence by motion for a nonsuit which was granted, and plaintiff appeals.

██ Whether a contract is entire or severable depends primarily upon the intention of the parties as determined by the ordinary rules of construction, having regard to the language used by the parties and the subject-matter of the contract. *Hodson-Feenaughty Co. v. Coast Culvert & Flume Co.*, 91 Or. 630 (178 P. 382, 179 P. 560). "If the subject-matter of the contract is indivisible, the contract must necessarily be entire". The fact, however, "that the subject-matter is divisible is not conclusive of the character of the contract; for the subject-matter may be divisible, but the contract itself may be entire". 4 Page on Contracts, section 2087. "The intention of the parties must be ascertained from the contract taken as a whole, and not from the separate parts thereof taken without regard to one another". 2 Page on Contracts, section 2085. The same author says:

"One of the most certain of the single tests for determining the intention of the parties is whether the consideration on the one side is apportioned to each of the different covenants on the other, or whether the consideration on the one side is the entire consideration

for all the covenants upon the other side. If the consideration agreed upon for each covenant is apportioned to each covenant separately, the contract is prima facie severable. If the consideration is not apportioned to the various covenants on the part of the adversary party, the contract is prima facie entire. A contract for the sale of realty and personalty at a lump sum is entire. A contract for the sale of a number of articles in a lump sum is an entire contract, and no recovery can be had except for a substantial performance of all of its covenants''. Section 2088.

Williston says:

''* * * A divisible contract, using that term properly, is always one contract and not several contracts. It differs in one respect only from other contracts—namely, that on performance on one side of each of its successive divisions, the other party becomes indebted for the agreed price of the division''. 2 Williston on Contracts, section 861.

In the following section, the same author says:

''* * * The governing principle is the manifested intention of the parties in view of the nature of the contract and the usages of business—that is, their intention to have performance of the contract in parts and have the performance of a part on one side the price or exchange of a corresponding part on the other. If payment of a lump sum is to be made for several articles, the contract is necessarily indivisible''.

Another test, he says, is:

''* * * Did the parties give a single assent to the whole transaction or did they assent separately to several things?'' Section 863.

Again, as said in 13 C. J., section 528:

''A test of severability which has frequently been applied is to the effect that, if the consideration is single, the contract is entire, but if the consideration is either expressly or by necessary implication appor-

tioned, the contract will be regarded as severable, although this test will not necessarily prevail over other provisions of the contract showing a contrary intent of the parties. So where the portion of the contract to be performed by one party consists of several and distinct items, and the price to be paid is apportioned to each item according to the value thereof and not as one unit in a whole or a part of a round sum, the contract will ordinarily be regarded as severable, and this rule applies, although the contract may in a sense be entire, if what is to be paid is clearly and distinctly apportioned to the different items as such and not to them as parts of one whole. But the fixing of a price per unit for the ascertainment of the compensation for performance of the contract as a whole will not render the contract severable".

■ The effect of a failure to comply with the statute of frauds is generally to deprive the agent of all right to enforce the contract for the agreed compensation. As said in 25 R. C. L., p. 439:

"Although it is the rule that a person rendering the services under a contract which is unenforceable as lacking compliance with the statute of frauds may recover on a quantum meruit for services actually rendered if the employer refuses to complete or perform on his part, yet the courts have generally refused to extend this principle so as to enable an agent acting under an oral appointment to recover on a quantum meruit for services rendered in negotiating a sale of land. Where the services rendered were in the sale of both personal and real property, it is held that if the contract is not severable there can be no recovery whatsoever of commissions; but if the contract is divisible, the broker may recover commissions on the sale of the personality".

■■ It is well settled in this state that if a party orally agrees to convey or devise land in consideration of services to be performed and the services are per-

formed and the party receiving the services refuses to perform by conveying or devising the land, the party performing the services may recover the value on quantum meruit. So, also, where services have been performed under a contract which is not to be performed within a year and the party receiving the benefit of the services refuses to go on and complete performance upon his part, the party may recover the value on an implied assumpsit but not by an action for damages which presupposes the enforcement of the contract. *Jackson v. Stearns,* 58 Or. 57 (113 P. 30, 37 L. R. A. (N. S.) 639, Ann. Cas. 1913A, 284), is an apt illustration of the rule.

In *Sorenson v. Smith,* 65 Or. 78 (129 P. 757, 131 P. 1022, 51 L. R. A. (N. S.) 612, Ann. Cas. 1915A, 1127), it was held that.

"When an enactment expressly declares that an agreement for the payment of a commission for securing a purchaser of land is void unless it is in writing and signed by the owner of the real property, the rule is well established that, in the absence of a written contract, a full performance of the services by the broker does not take the case out of the statute of frauds".

See also *Slotboom v. Simpson Lumber Co.,* 67 Or. 516 (135 P. 889, 136 P. 641, Ann. Cas. 1915C, 339).

■ In *Rugh v. Soleim,* 92 Or. 329 (180 P. 930), Mr. Justice Burnett, speaking for the court, said:

"It is claimed, however, that inasmuch as they allege that some personal property was to be included in the deal as well as their services for drawing up the contract and helping to close the deal, the plaintiffs are entitled to recover at least for the services other than acting as a broker to secure a purchaser for real property. The contract stated, however, is not a severable one. It is for a lump sum without reference to the

separate value of any particular item and hence, as it includes services within the statute of frauds, the whole stipulation is void and cannot be enforced as such, the action being plainly upon the contract as alleged and not for the quantum meruit''.

In support of this principle, he cites numerous authorities and then points out that it would be an evasion of the statute to permit a real estate broker, under an oral appointment to negotiate a sale of land, to tack his claim for that service to another demand by which he could recover on an agreement which the law says is void. The same principle is stated by Professor Williston in 1 Williston on Contracts, section 532, as follows:

''A contract though within the statute as to some portion of the performance promised by the defendant, may not be as to the remainder. Such a contract is nevertheless unenforceable in any part, since the contract is an entirety, and the fact that part cannot be enforced involves the unenforceability of the whole. Even though the contract is divisible in its nature and a divisible portion of performance on both sides may not be within the statute, the same result must be reached. As a divisible contract is not several contracts but a single agreement, neither party can be required to perform part unless the whole is enforceable''.

It is well settled by the decisions cited and by the courts and law writers generally that, if the part to be performed by one party consists of several distinct and separate items and the price to be paid by the other is apportioned to each item to be performed, or is left to be implied by law, such a contract will generally be held to be severable. But in the instant case, it seems clear that plaintiff cannot recover in an action on the oral contract testified to by him, nor, from his own testimony, on quantum meruit, for it clearly appears from his testimony that the oral contract was

for the sale of a sawmill as a whole for which a lump sum was to be paid. There was no apportionment in his oral contract with defendants of any price which the owners were to receive for the personal property or for any item thereof. Under the contract testified to, he was authorized to sell all or none and no part of the purchase price was to be apportioned to any item. From this it necessarily follows that the contract was entire and not severable and, since that fact was established by plaintiff's own testimony, the question of whether he was entitled to recover under the contract was purely a question of law and no question of fact was involved. For that reason, since the court rightfully disposed of the matter, we have no alternative except to affirm the judgment.

CAMPBELL, BEAN and BAILEY, JJ., concur.