Argued January 5, affirmed as modified June 14, 1968

HUFFSTUTTER ET UX, *Respondents, v.*
LIND ET AL, *Respondents,*
LENSKE ET UX, *Appellants.*

442 P. 2d 227

*Reuben Lenske,* Portland, argued the cause and filed the brief in propria persona, and as attorney for Rose Lenske.

*Theodore S. Bloom,* Portland, argued the cause for respondents. With him on the brief was Paul 'L'Roy O'Connor, Portland.

Before PERRY, Chief Justice, and SLOAN, GOODWIN, DENECKE and HOLMAN, Justices.

HOLMAN, J.

This is a declaratory judgment proceeding requesting a determination of the interests of the plaintiffs and defendants in a piece of real property in the central part of the city of Portland. The defendants

Lenske appeal from a decree holding that they have no interest in the property or its proceeds, and requiring them to pay attorney fees.

Plaintiffs Huffstutter purchased the property on contract from defendants Lind for $47,000. The Linds previously had purchased it on contract from the defendant O'Donnell for $27,500. Subsequent to the Huffstutters' purchase, the defendant Reuben Lenske (Lenske) recorded a declaration of interest in the property in question claiming a one-half interest. The Huffstutters then instituted the instant proceeding, joining the Lenskes, the Linds and O'Donnell as defendants. Mrs. Lenske filed an answer joining in her husband's claims. Upon trial it was stipulated that the interests of the plaintiffs and the defendant O'Donnell were not prejudiced in any way by the conflicting claims of the Lenskes' and the Linds'.

Lenske contends that he has a partnership interest with the Linds in the Linds' interest in the property in question. He testified that he and Lind orally agreed to buy the property jointly, with Lind putting up the money and taking title in the Linds' names for the joint benefit of Lenske and the Linds, Lenske to subsequently pay Lind for his one-half interest. Lind denies that there was any such agreement. We find that it is unnecessary to decide this factual dispute because the agreement, if made, was within the statute of frauds as codified in ORS 93.020.①

There was insufficient proof that the alleged ar-

---

① "(1) No estate or interest in real property, other than a lease for term not exceeding one year, nor any trust or power concerning such property, can be created, transferred or declared otherwise than by operation of law or by a conveyance or other instrument in writing, subscribed by the party creating, transferring or declaring it, or by his lawful agent under written

rangement was a partnership transaction thus taking it out of the purview of the statute. Lenske apparently controlled the stock in a corporation, Lawyers Building, Inc., which was purchasing on contract an adjacent piece of property. He had previously sold a half-interest in this contract to the Linds. That arrangement and the one in question were usually referred to in his testimony by Lenske, a lawyer, as joint ownerships. Lind, a layman, in his testimony usually referred to their arrangement concerning the adjacent property as one of partnership. We do not believe he used the term in its technical sense. When asked he specifically denied the existence of a partnership. The Lenskes' answer alleged as follows:

"* * * Reuben Lenske and the Linds agreed to purchase the property in issue herein *as tenants in common* and upon completion of the negotiations for such purchase agreed that the named contract purchasers shall be the Linds and that they shall hold an undivided half interest in said property in trust for Reuben Lenske, subject only to the indebtedness of Reuben Lenske to the Linds for one half of all net moneys expended by the Linds for such purchase." (Emphasis ours.)

We find that the agreement claimed by Lenske, if made, did not constitute a transaction for the benefit of a partnership.

Neither would the claimed arrangement be taken without the statute because of a resulting or con-

authority, and executed with such formalities as are required by law.

"(2) This section does not affect the power of a testator in the disposition of his real property by a last will and testament, nor to prevent a trust from arising or being extinguished by implication or operation of law, nor to affect the power of a court to compel the specific performance of an agreement in relation to such property."

structive trust in Lenske's favor. No trust arises, because Lenske admits he never paid any part of the purchase price of the property. No trust can arise when he never had title to the property and he did not furnish directly or indirectly any part of the purchase price. He had no possible interest in the property which can form the basis for a trust. Where there is nothing more than an oral agreement to purchase property and thereafter to convey to another an interest therein, the promise is unenforceable. *Dennis v. City of McMinnville,* 128 Or 101, 106, 269 P 221 (1928); *De Roboam v. Schmidtlin,* 50 Or 388, 393, 92 P 1082 (1907). Also see cases collected at 42 ALR 63 and 135 ALR 241.

■ Lenske claims that Lind owed him money on the adjacent property (in which Lenske sold Lind a half-interest), and that this sum offset his part of the purchase price of the property in question and therefore he paid for his share. The evidence clearly preponderates in favor of Lind's contention that he did not owe Lenske any such sum.

The claimed agreement with Lind did not constitute a loan by Lind to Lenske thus investing Lenske's money, loaned him by Lind, in the property. Lenske testified as follows when asked if his interest in the property in question was inchoate:

> "A It was inchoate in this sense, the same as at 1014 [the adjacent property] when he had a full half interest with me in 1014, but it was inchoate until he actually paid one-half of the purchase price. *The same was true with me with respect to this.* He held it in trust for both." (Emphasis ours.)

■■ Lenske also claims he is entitled to be compensated for the reasonable value of his services in find-

ing the property and its subsequent purchaser and in advising Lind concerning the legal details. He contends fifty percent of the profit was the reasonable value of his services. He cannot recover for his legal services because he testified that he ordinarily did not charge Lind for similar services. Nor can he recover anything in the nature of a real estate broker's commission, since there is no writing. ORS 41.580(7); *Pettigrove v. Corvallis Lbr. Mfg. Co.,* 143 Or 33, 37, 21 P2d 198 (1933).

The trial court awarded $750 attorney fees each to the defendants Lind and the plaintiff Huffstutter against Lenske and his wife. In the absence of contract, attorney fees are allowable only where there is statutory authority. *Draper v. Mullennex et al,* 225 Or 267, 271, 357 P2d 519 (1960). Nevertheless, attorney fees are generally allowable as damages in an action against a defendant where the defendant's tortious or wrongful conduct involved the plaintiff in prior litigation with a third party. *Prentice v. North American Title Guaranty Corp., Alameda Division,* 30 Cal Rptr 821, 381 P2d 645 (1963); McCormick, Damages, 247 § 67 (1935); Restatement, Torts, 591, § 914 (1939). But the mere filing of a declaration of interest in real property, which declaration is later found to be invalid, does not, in the absence of bad faith, constitute such tortious or wrongful conduct. *Cawrse v. Signal Oil Co.,* 164 Or 666, 670-1, 103 P2d 729 (1940); *Woodard v. Pacific F. & P. Co.,* 165 Or 250, 253, 106 P2d 1043 (1940); Prosser, Torts, 944-5, § 122 (3d ed 1964); Annot 39 ALR2d 840, 846-8, § 4 (1955). There is no allegation or proof of bad faith in the instant case. Nor is there any statute authorizing an award of attorney fees herein. Therefore, the allowance by the trial court was erroneous.

⬛ Lenske contends that the trial court was not authorized to hear the case because an affidavit of prejudice was filed against the presiding judge who assigned the case to the trial judge. He claims the assignment to the trial judge was an unauthorized exercise of judicial discretion after the filing of his affidavit of prejudice. The purported affidavit of prejudice was not filed against the presiding judge but, rather, against all the circuit judges in Multnomah County, sixteen in number. ORS 14.250 and ORS 14.270 provide for the disqualification of two judges only. Lenske's affidavit was an attempt to do something for which there was no authorization and was, therefore, a nullity.

⬛ Lenske also used the affidavit as the basis for a motion for a change of venue, which was denied. He claims the denial was error. ORS 14.110(1)(d) furnishes the authority for a change of venue because of prejudice of the judge. By its terms it applies only to *actions* and, therefore, not to suits. There has been considerable indecision whether a proceeding for a declaratory judgment is a legal or an equitable proceeding. Be this as it may, the controversy between the Lenskes and the Linds was of equitable cognizance and should be treated accordingly. Consequently, there is no authority for the change of venue Lenske sought.

The decree of the trial court is affirmed with the modification that the provisions for the attorney fees are deleted. Costs are allowed to neither party.