Argued December 1, reversed December 22, 1972, petition
for review denied February 13, 1973

SANDS, *Respondents, v.*
PURCELL (No. 372-818), *Appellant.*
504 P2d 768

*Paul G. Mackey,* Deputy County Counsel, Portland, argued the cause for appellant. With him on the brief was Charles S. Evans, County Counsel for Multnomah County, Portland.

*Charles P. A. Paulson,* Portland, argued the cause and filed the brief for respondents.

Before Schwab, Chief Judge, and Foley and Fort, Judges.

FOLEY, J.

Plaintiffs, who were indigent inmates in the Multnomah County jail, filed a declaratory judgment suit to challenge certain jail administration practices. The circuit court appointed counsel to assist plaintiffs in the preparation of their case, and ordered that all filing fees, service fees, and court costs which might be incurred by plaintiffs be waived. Following the entry of a final decree, appointed counsel petitioned the court for allowance of attorney fees. On June 16, 1972, the court entered its order allowing attorney fees in the amount of $2,500, and it is from this latter order that defendant appeals.

■ The general rule is that attorney fees are not recoverable except pursuant to a contract, express or implied, or unless provided for by statute. *Hughes v. Bembry,* 256 Or 172, 470 P2d 151 (1970); *State v. Jamison,* 251 Or 114, 120, 444 P2d 15, 444 P2d 1005 (1968); *State Highway Com. v. DeLong Corp.,* 9 Or App 550, 495 P2d 1215, Sup Ct *review denied* (1972). This rule has been applied to declaratory judgment proceedings. *Huffstutter v. Lind,* 250 Or 295, 301, 442 P2d 227 (1968); *First National Bank v. Malady,* 242 Or 353, 360, 408 P2d 724 (1966). In this case there was no contract and ORS ch 28 dealing with declaratory judgment proceedings makes no provision for the allowance of attorney fees.

■ Plaintiffs cite several cases from other juris-

dictions in support of their contention that the general rule is inapplicable in this case. Those cases have held that, in certain limited situations, a court has power to grant compensation where none is provided by statute, or to grant compensation in excess of that authorized by statute. *See Alexander v. Deddens,* 106 Ariz 172, 472 P2d 41 (1970); *Luke v. County of Los Angeles,* 269 Cal App2d 495, 74 Cal Rptr 771 (1969); *People ex rel. Conn v. Randolph,* 35 Ill2d 24, 219 NE2d 337, 18 ALR3d 1065 (1966). These cases represent a minority view which the Oregon Supreme Court has not chosen to follow. *See State v. Apodaca,* 252 Or 345, 449 P2d 445 (1969). Moreover, those cases are readily distinguished from the case at bar. Each involved either a criminal prosecution or a proceeding with similar effects (e.g., a civil narcotics commitment proceeding, a juvenile proceeding) where the right to appointed counsel existed by virtue of either constitution or statute, and the sole question was one of compensation. This case, by contrast, was a civil declaratory judgment proceeding, and ORS ch 28 contains no provision for appointment of counsel to represent indigent plaintiffs in such a proceeding. That being so, there was no basis for the court's order that attorney fees at public expense be allowed herein.

The order of the circuit court awarding attorney fees in this proceeding is vacated.

Reversed.