# SAPPINGTON,
### *Respondent,*

*v.*

# BROWN et ux,
### *Appellants.*

### (80-38528; CA A27142)

682 P2d 775

Andrew M. Rich, Hillsboro, argued the cause for
appellants. With him on the briefs was Huffman, Zenger &
Rich, P.C., Hillsboro.

J. Michael Alexander, Salem, argued the cause for
respondent. With him on the brief was Burt, Swanson,
Lathen, Alexander & McCann, Salem.

Before Buttler, Presiding Judge, Joseph, Chief Judge, and
Warren, Judge.

JOSEPH, C. J.

## JOSEPH, C. J.

Defendants appeal from a judgment entered in favor of plaintiff on a breach of contract claim. The subject of the contract was the sale of a corporation, together with its assets, and the assignment of plaintiff's leasehold interest in the premises where the corporation conducted its business. That business was the operation of a restaurant and lounge, and the corporate assets consisted of equipment, inventory, goodwill and a liquor license. At the time the contract was executed, there was concern that the liquor license would be revoked because the business had been operating in violation of Oregon Liquor Control Commission (OLCC) rules and regulations.[1] Accordingly, the contract of sale included the following provision: "It is agreed by and between the parties that this contract is contingent upon Purchaser receiving approval, license, and sanction by the Oregon Liquor Control Commission to operate the above mentioned business, and more specifically to a D.A. License."

Defendants were to be entitled to possession of the premises "when receipt of license transfer approval is obtained from the Oregon Liquor Control Commission,"[2] and monthly payments on the unpaid contract balance were to begin 30 days thereafter. The contract also provides: "Purchaser warrants and covenants with Seller herein that they

---

[1] Plaintiff previously had sold the business to another buyer on a contract of sale similar to the one entered into with defendants. That buyer had incurred the displeasure of OLCC for serving liquor by the drink without having cooked meals available during dinner hours and had defaulted on his contract with plaintiff and vacated the premises, leaving them in disrepair. Plaintiff initiated foreclosure proceedings against him, but there is no evidence in the record that those proceedings were successfully concluded.

OLCC had held at least two hearings regarding revocation of the liquor license before the execution of the instant contract, and the hearings officer had issued a proposed order recommending license revocation. After a third hearing, on March 27, 1979, OLCC ordered revocation of the license unless the business was operating by May 1, 1979, under an approved operator-licensee. A prospective operator-licensee had to secure approval from the city council. The only time that the council could consider approving a prospective operator-licensee, before May 1, was on April 3. The contract at issue was executed in January, 1979.

[2] Apparently this provision of the contract was ignored by the parties. Defendants expended substantial sums repairing the premises and sought to open for business on at least two occasions. Both times they were forced to close, pending outcome of the license revocation proceedings before OLCC.

shall make all reasonable effort necessary to procure said license within a reasonable time."

It was necessary for defendants to secure approval from the local city council in order for them to receive OLCC's approval of the assignment. *See* n 1, *supra.* The council met on April 3, 1979, but the previous day defendants informed plaintiff's attorney that they were no longer interested in pursuing the deal and would not attend that meeting. Plaintiff's interest in the business had been also acquired by a contract of sale, and she apparently was in default on that contract. When plaintiff's vendor threatened foreclosure, she assigned all her right, title and interest in the business back to him, and he subsequently received the council's liquor license approval at the April 3 meeting.

The claim was tried to the court, and special findings were made at plaintiff's request. The trial court found that "[d]efendant breached his contract to use his efforts to obtain a liquor license" by failing to "make all reasonable efforts necessary to procure said license." For that breach, plaintiff was awarded judgment for the full contract price less any payments that she had received.

Defendants assign four errors: (1) Judgment for the contract price was an error of law, because the contract limited plaintiff's remedy in the event of breach to recovering the business and retaining any payments that defendant had made as liquidated damages. (2) It was error to deny defendants' motion for dismissal[3] at the close of plaintiff's case. (The motion was made on the theory that defendants' obligation to perform under the contract never matured because plaintiff failed to satisfy certain conditions precedent.) (3) There is insufficient evidence to support the trial court's

---

[3] At trial, defendants moved for a "directed verdict" on the ground that plaintiff had failed to prove performance of conditions precedent to the fulfillment of the contract. Plaintiff responded that, viewing the evidence in the light most favorable to plaintiff, she had offered enough proof to defeat a motion for directed verdict. The trial court denied the motion without comment.

A directed verdict is not available in civil cases tried to the court. We treat defendants' motion as a motion for dismissal under ORCP 54(b)(2) and presume that the trial judge denied the motion on proper grounds rather than on the ground urged by plaintiff. *See Angus v. Joseph,* 60 Or App 546, 550, 655 P2d 208 (1982), *rev den* 294 Or 569, *cert den* U.S. (1983); *Castro and Castro,* 51 Or App 707, 626 P2d 950 (1981).

judgment. (4) There is insufficient evidence to support the trial court's findings of fact.

In support of the first assignment of error, defendants point to the default provision of the contract. It provides that a default operates as an "automatic reassignment" of the leasehold interest to plaintiff and that plaintiff would have an option to terminate the agreement. If the option were exercised and the agreement terminated, any payments made by defendants under the contract would be forfeited as liquidated damages. The contract further provides that defendants would be in default "[i]n the event [they] shall fail to make any of said payments or any part thereof at the times hereinabove fixed * * *." Defendants never failed to make any of the payments under the contract, because those payments never became due. The payments never became due, because defendants never received a license from OLCC, a condition precedent to the duty to make payments. Because defendants were not in default on the payment provision, the default provision of the contract had no application and, therefore, plaintiff is not limited to the remedy provided therein. The first assignment of error fails.

The contract provides that for a breach other than lack of payment, plaintiff has to give defendants notice of the breach and 15 days in which to cure it. Defendants raised plaintiff's failure to "demand closing" as one ground for their motion to dismiss. They also argue that they did not receive approval from OLCC, because plaintiff "elected not to go forward as the licensee" and, therefore, plaintiff failed to establish her case.[4]

Under the contract, plaintiff did not have an absolute duty to secure OLCC's approval for defendants. She had the same duty as defendants — to make all reasonable efforts necessary to procure the license. The trial court found that

---

[4] Defendants offered another argument in support of their motion:

"[A]nd third, that had there been a closing, the affirmative evidence is that the maximum amount that [defendants] would have to pay would be $15,000. And there were over $16,800 worth of liabilities to be paid by the plaintiff in order to comply with the terms of the agreement."

This argument has no discernible relevance to the issue raised by the motion.

plaintiff had satisfied that duty, but that defendants had not and that their failure prevented them from receiving OLCC approval. The rule in this state is clear that, when one party's breach prevents the occurrence of a condition precedent, that party may not assert the nonoccurrence of the condition to avoid liability on the contract. *See, e.g., Anderson v. Allison,* 256 Or 116, 121, 471 P2d 772 (1970). Also, we do not agree that plaintiff was required to demand closing after defendants had announced that they were no longer interested in the deal. *See, generally, Huszar v. Certified Realty Co.,* 266 Or 614, 621, 512 P2d 982 (1973); *Alk v. Lanini,* 61 Or App 158, 163, 656 P2d 367 (1982), *rev den* 294 Or 613 (1983). Accordingly, we conclude that the trial court did not err in denying the motion to dismiss plaintiff's claim on the grounds on which it was made.

Defendants' third assignment is that there is insufficient evidence to support the judgment of the trial court. Defendants seem to argue that plaintiff could not perform her part of the bargain, because she was legally incapable of conveying the business and leasehold interest to defendants and, therefore, the evidence cannot support a judgment in her favor. Defendants concede that this issue was not raised below but argue that ORCP 62E allows a litigant to raise the legal sufficieny of a plaintiff's evidence on appeal whenever the trial court makes special findings of fact. It is true that ORCP 62E has eliminated the requirement of objecting to special findings in court trials for purposes of appellate review, but nothing in that rule authorizes the pursuit on appeal of theories wholly different from those on which the case was tried or relieves a litigant of the duty to call potential error to the attention of the trial court. "[I]n civil cases tried to the court without a jury, a litigant may not raise the sufficiency of plaintiff's evidence on appeal unless he has asserted the legal insufficiency of the evidence in the trial court." *Falk v. Amsberry,* 290 Or 839, 843, 626 P2d 362 (1981). If the sufficiency of the evidence is asserted in the trial court by a motion under ORCP 54B(2), or other equivalent and timely motion, a litigant is not also required to object to findings entered by the trial court, if the motion has been denied. ORCP 62E. A litigant who has not asserted the insufficiency of the evidence may not raise that issue for the first time on appeal. *Falk v. Amsberry, supra.* Defendants seek to challenge the sufficiency

of plaintiff's evidence on a theory not raised below. Accordingly, we will not consider it. *State v. Stroup,* 290 Or 185, 620 P2d 1359 (1980); *State v. Hickman,* 273 Or 358, 540 P2d 1406 (1975); *Pietila v. Eagles,* 46 Or App 591, 612 P2d 742, *rev den* 289 Or 588 (1980).

We have reviewed the findings complained of in defendants' fourth assignment of error. Competent evidence supports those findings, and we may not set them aside. *Copeland Sand v. Ins. Co. of N. Amer.,* 288 Or 325, 607 P2d 718 (1980); *Samoth Financial Corp. v. Mr. Moto's Coffee,* 48 Or App 247, 616 P2d 1190 (1980), *rev den* 290 Or 491 (1981).

Affirmed.