Argued and submitted February 27, affirmed in part, reversed and remanded with instructions May 1, 1985

# BRAUGHT et ux,
*Respondents,*

*v.*

# GRANAS et al,
*Appellants.*

(82-896-2; CA A30903)

698 P2d 1012

Quentin D. Steele, Klamath Falls, argued the cause and filed the brief for appellants.

Michael L. Brant, Klamath Falls, argued the cause and filed the brief for respondents.

Before Gillette, Presiding Judge, and Van Hoomissen and Young, Judges.

YOUNG, J.

## YOUNG, J.

In this action plaintiffs seek damages for breach of a land sale contract. The trial court, sitting without a jury, found that defendants, as purchasers, had breached the contract and awarded plaintiffs damages, which included an amount equal to a judgment against plaintiffs for attorneys fees and court costs in an action for strict foreclosure of a contract involving the same property. Defendants appeal and contend that plaintiffs' inability to convey title defeats their breach of contract claim and that, in any event, it was error to include the judgment for attorney fees and costs as part of plaintiffs' damages. We affirm in part and reverse in part.

In 1979, plaintiffs contracted to purchase certain real property from Paddock and the Crawfords. (Paddock/Crawford) for $39,000. Paddock/Crawford remained responsible for paying an obligation secured by a trust deed that encumbered the property. The contract and a warranty deed were placed in escrow, and plaintiffs made the monthly payments due on the contract to the escrow agent, which in turn remitted amounts due on the trust deed, with the excess going to Paddock/Crawford.

In April, 1980, plaintiffs contracted to sell the property to defendants for $42,900. Defendants did not assume or otherwise agree to pay the balance owing on the Paddock/Crawford contract. The contract and plaintiffs' warranty deed were deposited in escrow with the agent that held the contract between Paddock/Crawford and plaintiffs. The monthly payments due were paid to the escrow agent. Pursuant to the escrow instructions, the escrow agent then transferred the payments to the contract between Paddock/Crawford and plaintiffs.

Defendants expected that the rental income from the property would be sufficient to make the contract payments. Problems developed, however, and defendants fell behind in making the payments. Finally, the payments stopped and, as a consequence, the payments stopped on plaintiffs' contract with Paddock/Crawford.

In July, 1982, plaintiffs commenced this action as one for specific performance. In October, Paddock/Crawford filed

an action against plaintiffs and defendants for strict foreclosure of their contract with plaintiffs. In August, 1983, Paddock/Crawford were awarded an interlocutory decree of strict foreclosure. Plaintiffs then amended their complaint and alleged a claim for breach of contract. On motion, the cases were consolidated for trial only. After a summary judgment for Paddock/Crawford, the trial court entered a final decree foreclosing plaintiffs' and defendants' interest in the property and awarded Paddock/Crawford judgment against plaintiffs for $2,747.50, representing attorney fees and court costs. After trial, a judgment was entered in this case in favor of plaintiffs and against defendants for $13,917.60. The judgment consists of $11,170.11, the difference between the balance defendants owed on the contract with plaintiffs and the balance that plaintiffs owed on the contract with Paddock/Crawford, and $2,747.50, which represents the judgment recovered by Paddock/Crawford against plaintiffs in the strict foreclosure action.

■ Defendants make four assignments of error. The gist of the first two assignments is that it was error to find in favor of plaintiffs on their claim for breach of contract, because plaintiffs, having failed to make the payments on the contract with Paddock/Crawford, cannot perform their contractual obligation with defendants to convey title. Under the contract before us, plaintiffs' obligation to deliver the deed and defendants' obligation to pay are independent covenants. Accordingly, plaintiffs are entitled to seek damages for defendants' breach without first tendering the deed. *Bank of Cal. Nat. Ass'n v. Bishop,* 137 Or 33, 300 P 1023 (1931). That brings us to the second step in the analysis.

■ A purchaser will not be required to pay the purchase price if it can be shown that the seller is unable or unwilling to convey the title. 3A Corbin, *Contracts* § 666. However, and particularly when the covenants are independent, a purchaser cannot defend on the basis that the seller is unable to convey title, when by the purchaser's conduct he has waived the defense or is estopped from asserting it. *Anderson v. Allison,* 256 Or 116, 121, 471 P2d 772 (1970). Although defendants did not assume the Paddock/Crawford contract, their knowledge of it, together with the "interlocking" escrows, provided a sufficient basis for the trial court to determine that they were estopped from asserting plaintiffs' inability to convey as a

defense to the breach of contract claim. The trial court could properly find that defendants, by their failure to pay, precipitated the chain of events which led to plaintiffs' inability to convey. Therefore, defendants' failure to pay would constitute a breach entitling plaintiffs to damages.

The third assignment of error concerns the damage award of $11,170.11. Defendants make several contentions under this assignment. They contend that the "award was inconsistent with the allegations" in the amended complaint; that it "was not supported by any evidence"; and that it "was not the proper application of loss of profits, which was the measure of damages intended to be used by the court."

The trial court made oral findings in favor of plaintiffs. Plaintiffs' counsel prepared the written findings and conclusions, and he followed the trial court's direction to "figure out * * * the difference in the profits * * * and have [defense counsel] either approve it or I will make a ruling * * * on what the actual dollar figure is." Defendants did not object to the findings of fact or the conclusions of law, ORCP 62E, and judgment was entered.[1]

---

[1] The trial court's findings of fact and conclusions of law are:

"(1) At the time the Plaintiffs and the Defendants entered into the contract of sale, Defendants knew that Plaintiffs were contract purchasers from Theodore J. Paddock, Ralph A. Crawford and Joan A. Crawford.

"(2) The contract between Plaintiffs and Defendants stated 'Seller also agrees that when said purchase price is fully paid and upon surrender of this agreement, he will deliver a good and sufficient deed conveying said premises in fee simple unto the Buyer.'

"(3) Defendants have asserted that Plaintiffs fraudulently misrepresented the condition of the premises. The Defendants are businessmen who entered into a contractual relationship and had the opportunity to see the houses. Plaintiffs neither deceived Defendants, nor made any misrepresentations to Defendants, nor did Defendants rely upon any of Plaintiffs' representations.

"(4) The testimony of the tenants of the house firmly establishes that the houses were habitable at the time of the contract.

"(5) Any of the alleged defects were minimal and were easily corrected.

"(6) The problems the Defendants had with renting the houses were of their own creation. They were on a low budget and mishandled the rentals. In short, they made a bad investment.

"BASED on the foregoing findings of fact, the Court makes the following conclusions of law:

"(1) Plaintiffs are entitled to prevail on the amount of profit the Plaintiffs

■ With respect to the first contention, defendants appear to argue that plaintiffs' proof of damages is inconsistent with their pleadings. If our assumption is correct, defendants have not set forth in their brief an objection at trial on that ground, and we will not consider it. ORAP 7.19(5).

Defendants next contend that the evidence is insufficient to support the damage award. However, they do not direct us to where in the record they challenged the sufficiency of the evidence, nor do they attack the absence of appropriate findings of fact. In *Sappington v. Brown,* 68 Or App 72, 77, 682 P2d 775, *rev den* 298 Or 238 (1984), we said:

> "It is true that ORCP 62E has eliminated the requirement of objecting to special findings in court trials for purposes of appellate review, but nothing in that rule authorizes the pursuit on appeal of theories wholly different from those on which the case was tried or relieves a litigant of the duty to call potential error to the attention of the trial court. '[I]n civil cases tried to the court without a jury, a litigant may not raise the sufficiency of plaintiff's evidence on appeal unless he has asserted the legal insufficiency of the evidence in the trial court.' *Falk v. Amsberry,* 290 Or 839, 843, 626 P2d 362 (1981)."

■ Defendants argue that the trial court did not apply the proper measure of damages. The damage award gives the plaintiffs the benefit of their bargain. It is, pursuant to the court's conclusions of law, the difference between the amount owed on the two contracts. The difference represents plaintiffs' equity in the property and is a proper measure of damages for defendants' breach.

■ The final assignment of error concerns the judgment for consequential damages in the sum of $2,747.50. An award of consequential damages is proper, in addition to an award of loss of bargain damages, if the consequential damages were

---

would have realized from the contract of sale with the Defendants, deducting therefrom the sum remaining due Paddock and Crawford according to the terms of the contract between Paddock and Crawford and Plaintiffs.

"(2) The obligations of Defendants to fully pay the purchase price and surrender the contract to Plaintiffs and Plaintiffs' obligation to deliver a good and sufficient deed conveying the premises in fee simple unto the buyer were obligations independent of each other, therefore, Plaintiffs had no obligation to offer to convey a deed on the facts of this case. *Bank of California National Association v. Bishop,* 137 Or 33; *Anderson v. Allison,* 256 Or 116."

contemplated by the parties and were "a natural and proximate result of the [purchasers'] breach." *Senior Estates v. Bauman Homes,* 272 Or 577, 584, 539 P2d 142 (1975); *see also Blagen v. Thompson,* 23 Or 239, 248, 31 P 647 (1892). Here the trial court found that the parties were aware of the underlying contract. It could also have found that it was within the parties' contemplation that, if plaintiffs defaulted on that contract, plaintiffs' interest in it would be foreclosed and that they would be liable for costs and attorney fees as a result of the foreclosure. The court could also have found that the parties comtemplated that a default by defendants on the contract with plaintiffs would cause plaintiffs to default on the underlying contract with Paddock/Crawford and would result in damage to plaintiffs.

■    Plaintiffs' entitlement to consequential damages is raised by the pleadings. However, as defendants argue, there is a total absence of findings to support the award of consequential damages. In *Larsen v. Martin,* 172 Or 605, 613, 143 P2d 239 (1943), the court considered the absence of findings and stated:

> "Where there is a complete absence of findings, we do not remand the case for a new trial, but remand it with directions to the trial judge to enter findings and a new judgment, from which an appeal may be taken."

Accordingly, the portion of the judgment awarding damages in the sum of $11,170.11 is affirmed. We remand to the trial court with instructions to make and enter findings and conclusions and a judgment that are responsive to the issue of consequential damages.

Affirmed in part; reversed and remanded with instructions to make and enter findings, conclusions and judgment responsive to the issue of consequential damages.