On appellant's petition for reconsideration filed July 21 and on respondent's petition for reconsideration filed August 19, appellant's petition for reconsideration denied and respondent's petition for reconsideration allowed; opinion (120 Or App 452, 853 P2d 297) modified and adhered to as modified November 17, 1993

DeAnn Faye RAYMOND,
nka DeAnn Faye Baxter,
*Appellant,*

*v.*

Thomas Jack FELDMANN,
*Respondent.*

(89-CV-0372-ST; CA A67087)

863 P2d 1269

Paul J. Speck, Richard E. Forcum and Forcum & Speck, for appellant's petition.

Howard G. Arnett, Dennis James Hubel and Marceau, Karnopp, Peterson, Noteboom & Hubel, for respondent's petition.

EDMONDS, J.

De Muniz, J., dissenting.

## EDMONDS, J.

Both parties petition for reconsideration of our opinion. 120 Or App 452, 853 P2d 297 (1993). We deny plaintiff's petition. We allow defendant's petition and adhere to our previous opinion.

Plaintiff, 21 years old, was involved in an automobile accident. It was the first time that she had ever been involved in an automobile accident. Four days after the accident, an agent of defendant's insurance company called her and offered to settle her personal injury claim for $100 plus payment of her emergency room hospital bill in exchange for a promise to release defendant from any further liability for injury claims arising out of the accident. Plaintiff thought that she had sustained only minor bruises and accepted the agent's offer. The conversation was tape recorded with her consent. The terms of the release were never put in writing. Plaintiff was not represented by legal counsel during this time. In fact, plaintiff had suffered a soft tissue strain to her back and neck. When the extent of her injuries became apparent, she returned the $100 check and filed this action seeking recovery for her personal injuries. The trial court and we, on appeal, upheld defendant's affirmative defense that he had been released from liability as a result of the agreement between plaintiff and the agent. We said:

> "Plaintiff here does not claim that the agreement was made unconscionably or with misrepresentation. That the agreement was improvident is not a basis on which to void it." 120 Or App at 456.

■ The issue raised by the petition for reconsideration is whether defendant is also entitled to recover from plaintiff the attorney fees he expended in defending the personal injury action. Defendant, relying on *Huffstutter v. Lind*, 250 Or 295, 442 P2d 227 (1968) and *Braught v. Granas*, 73 Or App 488, 698 P2d 1012 (1985), views it to be reasonably foreseeable that attorney fees will be incurred when there is a breach of an agreement not to sue. That reasoning misunderstands the nature of the exception contained in the cited cases and is inconsistent with the Supreme Court and our prior case law.

■ The general rule is that attorney fees are not recoverable in a breach of contract action unless authorized by statute or by the agreement. *Brookshire v. Johnson*, 274 Or 19, 544 P2d 164 (1976). However, an exception to the general rule is when a party's breach of contract involves the non-breaching party in litigation with a *third party*. In such a case, the nonbreaching party may be entitled to recover its litigation costs resulting from the separate action. *Huffstutter v. Lind, supra.*

Defendant and the dissent fail to distinguish between litigation involving the parties to the agreement, such as in this case, from cases involving litigation between the nonbreaching party and a third party. It is essential to the application of this exception that the claimed attorney fees arise from litigation involving a third party. *See* 5 Corbin *Contracts* 225, § 1037 (1964); *Restatement (Second) of Torts*, § 914 (1977); *Restatement (Second) of Contracts*, § 351, comment c (1979); *Restatement of Contracts*, § 334 (1932).[1]

---

[1] 5 Corbin *Contracts* 225, § 1037 (1964), states:

"If the plaintiff can show that the defendant's breach of contract has caused litigation involving the plaintiff in the payment of counsel fees, court costs, and the amount of a judgment, and shows further that such expenditure is reasonable in amount and could not have been avoided by him by reasonable and prudent effort, he can recover damages against the defendant measured by the amount of these expenditures. *The rule just stated does not deal with the cost of litigation with the defendant himself.*" (Emphasis supplied.)

*Restatement (Second) of Torts*, § 914 (1977), provides:

"(2) One who through the tort of another has been required to act in the protection of his interests *by bringing or defending an action against a third person* is entitled to recover reasonable compensation for loss of time, attorney fees and other expenditures thereby suffered or incurred in the earlier action." (Emphasis supplied.)

*Restatement (Second) of Contracts*, § 351, comment c (1979), states:

"*Sometimes a breach of contract results in claims by third persons against the injured party. The party in breach is liable for the amount of any judgment against the injured party together with his reasonable expenditures in the litigation,* if the party in breach had reason to foresee such expenditures as the probable result of his breach at the time he made the contract." (Emphasis supplied.)

*Restatement of Contracts*, § 334 (1932), provides:

"If a breach of contract is the cause of *litigation between the plaintiff and third parties* that the defendant had reason to foresee when the contract was made, the plaintiff's reasonable expenditures in such litigation are included in estimating his damages." (Emphasis supplied.)

In *Huffstutter*, plaintiffs brought a declaratory judgment action seeking a determination of their and defendants Linds' and Lenskes' interest in real property. Plaintiffs had purchased the property from Linds on an installment sales contract who, in turn, had purchased the property on an installment sales contract from a third party seller. After plaintiffs had purchased the property, Lenskes, claiming an interest in the property, recorded a declaration of interest. They contended that they were in partnership with the Linds and were part owners of the property. The trial court found that Lenskes had no interest in the property or its proceeds and required them to pay attorney fees. There was no contract between them and Linds or the plaintiffs that provided for attorney fees to the prevailing party. The Supreme Court reversed. It noted the general rule and said:

"Nevertheless, attorney fees are generally allowable as damages in an action against a defendant where the *defendant's tortious or wrongful conduct involved the plaintiff in prior litigation with a third party*. But the mere filing of a declaration of interest in real property, which declaration is later found to be invalid, does not, in the absence of bad faith, constitute such tortious or wrongful conduct. There is no allegation or proof of bad faith in the instant case. Nor is there any statute authorizing an award of attorney fees herein. Therefore, the allowance by the trial court was erroneous." 250 Or at 301. (Emphasis supplied; citations omitted.)

In *Braught v. Granas, supra*, defendants purchased property from plaintiffs who had purchased the property from a third party. Defendants defaulted on the contract with plaintiffs resulting in plaintiffs' default on their contract with the third party. The third party then brought an action for strict foreclosure against plaintiffs. We said:

"Here the trial court found that the parties were aware of the underlying contract. It could also have found that it was within the parties' contemplation that, if plaintiffs defaulted on that contract, plaintiffs' interest in it would be foreclosed and that they would be liable for costs and attorney fees as a result of the foreclosure. The court could also have found that the parties contemplated that a default by defendants on the contract with plaintiffs would cause plaintiffs to default on the underlying contract * * * and would result in damage to plaintiffs." 73 Or App at 494.

In the light of those facts, we held that plaintiffs were entitled to recover damages from defendant, including attorney fees, resulting from the litigation with the third party.[2]

When third parties are not involved, the other side of the coin is reflected by such holdings as *Samuel v. Frohnmayer*, 95 Or App 561, 770 P2d 914, *rev'd on other grounds*, 308 Or 362 (1989), and *State v. O'Brien*, 96 Or App 498, 774 P2d 1109, *rev den* 308 Or 466 (1989). In *Samuel*, the plaintiff sought "damages" for the "attorney fees" incurred in seeking a declaratory judgment that the state was obligated to indemnify him in an action brought against him in his capacity as a state agent. He argued that the damages were the "direct and foreseeable consequence of defendant's breach of his statutory duty to defend and indemnify [him]." We said that what the plaintiff characterized as "damages" were in fact "attorney fees." In denying relief to the plaintiff, we reasoned:

> " 'Damages' that are determined by the charges that an attorney makes for services in the action in which those damages are sought are attorney fees, although fees incurred in maintaining a lawsuit may at times be damages in some *other* action." 95 Or App at 563. (Emphasis in original.)

*See also, Sizemore v. Swift*, 79 Or App 352, 358, 719 P2d 500 (1986).

In *State v. O'Brien, supra*, we relied on our holding in *Samuel*. We held that the trial court erred in requiring defendant to pay restitution for attorney fees incurred by the victim in pursuing civil claims against defendant. The court was authorized to impose only those special damages which the victim could recover in a civil action against the defendant. We held:

> "Attorney fees are not considered damages when sought in the same action in which the services are rendered. However,

---

[2] The dissent also relies on *Prospero Associates v. Redactron Corp.*, 682 P2d 1193 (Colo App 1983), for its holding. That case also involves an award of attorney fees resulting from third party litigation. Moreover, the court said:

> "While the general rule is that attorneys' fees are not recoverable absent statutory authority or contractual agreement, there are exceptions to the rule. One such exception is that *fees are recoverable if one party's wrongful conduct has brought about expenses occasioned by litigation with third parties*." 682 P2d at 1199. (Emphasis supplied.)

they may be damages when sought in a separate action. Here, the victim could have recovered attorney fees in a breach of contract action. However, if recovered in that action, they would not have been considered damages. Therefore, under ORS 137.103(2), attorney fees are not 'special damages' recoverable in a civil action arising out of defendant's criminal conduct and, accordingly, are not recoverable as part of restitution." 96 Or App at 505. (Citations omitted.)

The error in the dissent's analysis lies in its failure to recognize that this case does not involve a claim for damages arising from "separate" litigation with a third party. The exception relied on by defendant and the dissent does not apply to these facts. Defendant raised the release agreement as an affirmative defense and counterclaimed[3] for litigation expenses based on plaintiff's breach of contract. His counterclaim is for attorney fees incurred in defending the claim of negligence brought by plaintiff. The claim arises out of the same action, not a separate one involving defendant and a third party. Conceptually, what occurred here is no different than what happened in *Samuel*. Defendant is seeking as "damages" the attorney fees that he incurred in defending plaintiff's claim. The claim for attorney fees is not a claim for "damages."

Appellant's petition for reconsideration denied; respondent's petition for reconsideration allowed; opinion modified and adhered to as modified.

**De MUNIZ, J.,** dissenting.

On reconsideration, I would conclude that the trial court did not err in awarding defendant attorney fees as consequential damages. Accordingly, I dissent.

Defendant alleged the release agreement as both an affirmative defense to plaintiff's action and as a counterclaim. After finding that the agreement was valid, the trial court

---

[3] Defendant alleged as a counterclaim:

"6.

"As a reasonably foreseeable consequence of the breach of the contract, defendant has been required to retain counsel and defend this action and is therefore entitled to damages for the breach of the settlement agreement in the form of his attorney's fees and costs incurred in defending this action and in the form of any judgment which may be obtained by plaintiff which exceeds the settlement she entered into the sum of $100 plus her emergency room bill."

awarded, as consequential damages for breach of the release agreement, the amount of defendant's attorney fees for preparing and defending the personal injury action.[1] Plaintiff does not contest the trial court's finding that she breached her agreement by suing defendant for her injuries. She argues that in any breach of contract there is a possibility that the dispute will require resolution by litigation. Therefore, she contends, if that fact alone allows for recovery of attorney fees as consequential damages, then attorney fees would be recoverable in every breach of contract action. She argues that that result is clearly not the rule in Oregon, as is evidenced by the long standing rule against recovery of attorney fees in contract actions.

However, the award here is not for resolving the contract dispute. Rather, it is for the litigation expenses that defendant incurred to defend against plaintiff's personal injury claim. In *Braught v. Granas*, 73 Or App 488, 698 P2d 1012 (1985), the defendants defaulted on a land sale contract with the plaintiffs that caused the plaintiffs, in turn, to default on the contract with their vendor and to defend a foreclosure action. We allowed the plaintiffs defense expenses in defending the foreclosure as consequential damages in their subsequent action against the defendants for breach of the land sale contract. We stated:

> "An award of consequential damages is proper, in addition to an award of lost bargain damages, if the consequential damages were contemplated by the parties and were 'a natural and proximate result of the [purchasers'] breach.' *Senior Estates v. Bauman Homes*, 272 Or 577, 584, 539 P2d 142 (1975); *see also Blagen v. Thompson*, 23 Or 239, 248, 31 P 647 (1892). Here the trial court found that the parties were aware of the underlying contract. It could also have found that it was within the parties' contemplation that, if plaintiffs defaulted on that contract, plaintiffs' interest in it would be foreclosed and that they would be liable for costs and attorney fees as a result of the foreclosure. The court could have also found that the parties contemplated that a default by defendants on the contract with plaintiffs would cause plaintiffs to default on the underlying contract * * * and would result in damage to plaintiffs." *Braught v. Granas, supra*, 73 Or App at 493. (Brackets in original.)

---

[1] The parties stipulated to the amount of those expenses.

As defendant points out, unlike in *Braught*, here there is no need to speculate if the parties contemplated that plaintiff's breach of the contract not to sue would cause defendant to incur litigation costs beyond the costs incident to enforcing the contract itself. That is so, because the contract here was plaintiff's agreement to fully and finally settle any personal injury claim against defendant and to release him from any further injury claims. *See Raymond v. Feldmann*, 120 Or App 452, 454 n 1, 853 P2d 297 (1993). It was a contract not to sue; the natural and necessary result of its breach was the incurring of litigation expense. I would affirm the trial court's award of attorney fees as a measure of the damages that defendant incurred in defending against plaintiff's claims for personal injury.

Richardson, C. J., and Warren, J., join in this dissent.