Argued and submitted November 21, 1997, affirmed February 11, appellant's petition for reconsideration filed February 23 allowed by opinion June 10, 1998 See 154 Or App 255 (1998)

## Dan ALBRICH,
*Appellant,*

*v.*

## ALLSTATE INSURANCE COMPANY,
*Respondent.*

(9605-04032; CA A94706)

954 P2d 216

Willard E. Merkel argued the cause for appellant. With him on the brief was Popick & Merkel.

Lisa E. Lear argued the cause for respondent. With her on the brief were Beth R. Skillern and Bullivant, Houser, Bailey, Pendergrass & Hoffman.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

WARREN, P. J.

### WARREN, P. J.

Plaintiff appeals an order setting aside a judgment in his favor on the ground that he had released it.[1] He argues that the court was without authority to set the judgment aside and that there was no consideration for the release. We disagree on both counts and therefore affirm.

In September 1992, plaintiff was seriously injured in an automobile accident. The other driver's insurance had liability limits of $50,000, while plaintiff's underinsured motorist coverage (UIM) with defendant had liability limits of $100,000. The UIM coverage included a provision that required plaintiff to recover the limits of the other driver's liability insurance before recovering on his UIM benefits, a provision that, at the least, is of questionable validity after *Vega v. Farmers Ins. Co.*, 134 Or App 372, 895 P2d 337 (1995), *aff'd* 323 Or 291, 918 P2d 95 (1996). If it were effective, that "exhaustion" provision would reduce the amount available on the UIM coverage to $50,000, while plaintiff's damages were considerably greater than $100,000.

Plaintiff was unable to resolve his claims against either the other driver or defendant. As a result, in June 1993 he filed an action against the other driver, and in August 1993 he demanded arbitration of his claim against defendant for UIM benefits. The arbitration occurred in December 1993 and the arbitrators made their award in January 1994. After a clarifying amendment in February, they found that plaintiff's injuries and need for treatment were the result of the accident, that his economic damages were at least $105,000, and that his noneconomic damages were at least $200,000. The arbitrators *did not* find, or even discuss, whether the other driver was liable to plaintiff for causing those injuries, nor did they find that defendant was liable to plaintiff for any amount.

After the award, plaintiff and defendant settled his UIM claim by defendant's payment of $50,000 in exchange

---

[1] The order is appealable as a final order affecting a substantial right, made after judgment. ORS 19.205(2)(c).

for plaintiff's release of "all contractual obligations whatsoever as to underinsured/uninsured benefits" under defendant's policy. The release also contained provisions for repayment of the $50,000 from any recovery in excess of that amount that plaintiff received from the other driver. Plaintiff's case against the other driver went to trial in June 1994 and resulted in a defense verdict.

Plaintiff was represented by an attorney throughout these proceedings. After the verdict, plaintiff obtained a new attorney. In May 1996, that attorney sent defendant a demand for payment of the remaining $50,000 of its UIM coverage. After defendant refused, the attorney filed the arbitration award as a judgment and took steps to collect it. Defendant then moved to set aside the judgment on the ground that it had been released. Plaintiff assigns error to the court's granting the motion.

■ Plaintiff first argues that the court did not have the authority under ORCP 71 B(1)(e) to set aside the judgment. That rule allows a court to relieve a party from a judgment if the judgment "has been satisfied, released or discharged" or if "it is no longer equitable that the judgment should have prospective application." Plaintiff argues that the judgment was not satisfied or released, because defendant paid the $50,000, and plaintiff signed the release, *before* the entry of the judgment. Whatever force that argument may have, it applies only to the court's authority to set the judgment aside on the ground that it had been released. The alternative ground, that it is no longer equitable that the judgment should have prospective application, is in itself sufficient to support the court's decision. It is not equitable for plaintiff to enforce a judgment that is based on a claim that he released before the entry of judgment.

■ The parties' mutual belief at the time of the release that the exhaustion provision was valid has no effect on this issue. The validity of that provision was a possible issue in determining the amount that plaintiff might be entitled to collect; by the release he necessarily gave up the opportunity to raise that issue. In the absence of facts that would justify setting aside the release, parties to a release take the risk that the facts or law may turn out to be different from what

they believed them to be. *See, e.g., Raymond v. Feldmann,* 120 Or App 452, 853 P2d 297, *on recons* 124 Or App 543, 863 P2d 1269 (1993), *rev den* 318 Or 381 (1994) (mutual mistake is not a ground for invalidating a release agreement).

■    Plaintiff next argues that the release is invalid for lack of consideration. He says that the arbitration liquidated the amount of his damages and that he received nothing in exchange for his agreement to take less than the full amount. The obvious, and fatal, problem with that argument is that the arbitrators determined only the *amount* of plaintiff's damages, not that the other driver was liable for them. If the other driver was not liable, plaintiff was not entitled to receive anything under his UIM coverage. If, as actually happened, plaintiff lost his action against the other driver, defendant would owe him nothing. Defendant's payment of an amount for which it might not be liable was sufficient consideration for plaintiff's acceptance of less than the full amount of his claim. The release was valid.

Affirmed.