Argued and submitted August 27, affirmed in part, reversed in part November 26, 1979

HOAGE,
*Respondent,*
*v.*
WESTLUND,
*Appellant,*
*and*
CLACKAMAS COUNTY TITLE
COMPANY, INC.,
*Respondent.*

(No. 77-10-212, CA 12839)

602 P2d 1147

[435]

Todd A. Bradley, Portland, argued the cause and filed the brief for appellant.

Gerald D. Wygant, Portland, argued the cause and filed the brief for respondent Clackamas County Title Company, Inc.

Respondent Hoage waived appearance.

Before Tanzer, Presiding Judge, and Thornton and Campbell, Judges.

CAMPBELL, J.

## CAMPBELL, J.

This is a law action. The plaintiff's complaint sought to recover damages for the alleged failure of both defendants to correctly prorate and pay the taxes on a building which the plaintiff sold to the defendant Westlund. A cross-complaint was filed by Westlund against the defendant Clackamas County Title Company, Inc., praying that if the plaintiff obtained a judgment against him that he have judgment over and against the Title Company for any amounts awarded to the plaintiff including attorney fees, interest, and costs. The trial was to the court. Judgment was entered for the plaintiff against Westlund only for $2,813.11 damages, $717.33 interest, $2,085 attorney fees, and $135 costs. Judgment was also entered for the defendant Westlund against the Title Company for $1,102.50 attorney fees. The defendant Westlund has appealed only from the failure of the trial court to award him damages against the Title Company for the interest, attorney fees, and costs that he was required to pay the plaintiff.[1] We affirm in part, and reverse in part.

In September 1975, Westlund agreed to purchase an apartment building from the plaintiff. The contract of sale provided that the taxes for the current year were to be prorated as of the date of the agreement. The contract also provided for attorney fees in the event that an action was necessary "to enforce any of the provisions thereof." The escrow instructions to the Title Company were set out in a separate document. The Title Company was instructed to prorate the taxes. The escrow instructions did not contain a provision for attorney fees.

Paragraphs VII and VIII of Westlund's cross-complaint against Title Company alleged:

---

[1] Westlund has not appealed from the plaintiff's judgment against him and he has not appealed from the failure to include the $2,813.11 damages in his judgment against the Clackamas County Title Company, Inc. The cross-appeal of the Clackamas County Title Company, Inc., was not perfected and, therefore, we do not consider it.

[437]

"VII

"Plaintiff alleges in her Complaint that based on the Land Sale Contract between plaintiff and defendant Westlund, she is entitled to recover attorney's fees incurred in prosecuting this action. Defendant Westlund has, in all respects, carried out his obligations under said Contract and if Westlund becomes indebted to the plaintiff for attorney's fees, said debt will have been caused solely by the negligence of Clackamas County Title Co., Inc. as above alleged, and Westlund is entitled to indemnity from Clackamas County Title Co., Inc. for any such amounts.

"VIII

"Defendant Westlund has had to obtain an attorney to defend him against the plaintiff's claim and to date has incurred legal expenses in the sum of $750 and will continue to incur legal fees in the defense of this action. If plaintiff prevails in her claim against Westlund, said attorney's fees will have been incurred solely due to the negligence of Clackamas County Title Co., Inc. as above alleged, and Westlund is entitled to be reimbursed by Clackamas County Title Co., Inc., for his attorney's fees. Defendant Westlund reserves the right to amend this Cross-Complaint at the time of trial to reflect the true amount of attorney's fees incurred."

The trial court made and entered findings of fact, which in part are as follows:

"Defendant Clackamas County Title Company was employed by the parties to close the real estate sale. They were instructed to prorate the taxes. They failed to do so according to the instructions. Such failure constituted negligence on their part. Defendant Westlund was damaged as a result of such negligence in that he incurred loss by reason of costs incurred in defending this action."

The findings of fact further stated, "The evidence fails to show that damages as alleged in [paragraph] * * * VII of defendant Westlund's cross-complaint are recoverable upon his counterclaim."

The attorney fees awarded to plaintiff against Westlund arose out of the provision for attorney fees

[438]

n the contract of sale mentioned *supra.* The attorney
ees awarded by the trial court to Westlund against
he Title Company were to reimburse Westlund for the
ttorney fees he incurred in defending against plain-
iff's action, under paragraph VIII of Westlund's cross-
omplaint. The trial court refused to award Westlund
amages under paragraph VII of his cross-complaint,
hat is, damages for the attorney fees incurred by
*laintiff* in plaintiff's suit against Westlund, which
Vestlund was required to pay to plaintiff pursuant to
he contract of sale. It is Westlund's entitlement to
hese latter damages that is at issue here.

The award of attorney fees in the amount of
1,102.50 was based on the finding of negligence
gainst the Title Company. The only contractual rela-
onship between the Title Company and Westlund
vas created by the escrow instructions and it con-
ained no provision for attorney fees. Although the
rial court did not so state, the award of $1,102.50 was
ecessarily by authority of Restatement (Second) of
orts § 914 (2) (1977):

> "One who through the tort of another has been
> required to act in the protection of his interests by
> bringing or defending an action against a third per-
> son is entitled to recover reasonable compensation for
> loss of time, attorney fees and other expenditures
> thereby suffered or incurred in the earlier action."

The Oregon Supreme Court in *Huffstutter v. Lind,*
50 Or 295, 301, 442 P2d 227 (1968), held:

> "* * * Attorney fees are generally allowable as dam-
> ages in an action against a defendant where the
> defendant's tortious or wrongful conduct involved the
> plaintiff in prior litigation with a third party. *Pre-
> ntice v. North American Title Guaranty Corp., Alame-
> da Division,* 30 Cal Rptr 821, 381 P2d 645 (1963);
> McCormick, Damages, 247 § 67 (1935); Restatement,
> Torts, 591, § 914 (1939)."

The trial court offered no reasons for awarding
estlund damages under paragraph VIII of his cross-
mplaint while denying damages under paragraph

[439]

VII. Implicit in the trial court's findings is the fact that all attorney fees were reasonable, necessary and incurred as a result of the Title Company's negligence.

Although the trial court "found" that "The evidence fails to show that damages as alleged in [paragraph] * * * VII of defendant Westlund's cross-complaint are recoverable upon his counterclaim, * * * " we conclude that this statement is mislabeled as a "finding of fact" and is an incorrect conclusion of law.

Through the negligence of the Title Company, Westlund was required to act in protection of his interests[2] by defending the action brought by the plaintiff and is, therefore, entitled to recover attorney fees and other expenditures incurred. Restatement (Second) of Torts § 914 (2), *supra; Huffstutter v. Lind, supra.*

*Osborne v. Hay,* 284 Or 133, 585 P2d 674 (1978) presented a similar situation. In that case, the plaintiff had been involved in prior litigation with one Appleton as a result of the defendants' fraudulent conduct. In that prior litigation, the plaintiff was required to pay, *inter alia,* attorney's fees incurred by Appleton. Plaintiff brought an action against defendants for damages for fraud, seeking to recover, in addition to compensatory damages, expenses of the prior litigation. Citing *Huffstutter v. Lind, supra,* and Restatement of Torts § 914 (1939),[3] the Oregon Supreme Court upheld the plaintiff's recovery of those amounts against the defendants in *Osborne v. Hay.*

In *Osborne v. Hay,* the defendants did not attempt to distinguish between (1) attorney's fees incurred by Appleton in the prior litigation, recovered against the plaintiff, and (2) filing fees and costs other than attorney's fees incurred by the plaintiff in the prior litigation with Appleton. Similarly, in the present case the

---

[2] On appeal the defendant Title Company has not questioned that it was necessary for Westlund to defend the plaintiff's action.

[3] This section does not materially differ from Restatement (Second) of Torts § 914 (2) (1977).

[440]

Title Company made no attempt to distinguish between Westlund's right to recover the damages alleged in paragraph VIII of his cross-complaint and his right to recover under paragraph VII.

We hold that the trial court erred in denying Westlund damages against the Title Company under paragraph VII of his cross-complaint.

Although Westlund's claim for interest and costs was not included with the demand for the reimbursement of attorney fees set forth in paragraph VII of the cross-complaint, the Title Company does not raise this issue. The prayer of the cross-complaint does request " * * * that this defendant have judgment over and against Clackamas County Title Co., Inc. for any amounts awarded to the plaintiff * * * ."

The judgment against Westlund for $717.33 represents the interest on the sum of $2,813.11 damages for failure to prorate the taxes. The agreement provided that the taxes were to be prorated as of October 1, 1975. The interest was computed from that date to the date of the trial judge's conclusions of law, November 15, 1978. Interest is money paid for the use of money. Westlund had the use of the $2,813.11 from October 1, 1975, to November 15, 1978, and therefore should not be allowed to recover the sum of $717.33 from the Title Company. Under the principles previously stated in this opinion, however, Westlund is entitled to recover the costs he was required to pay to plaintiff.

The Title Company argues that Westlund's cross-complaint is not seeking damages resulting from "prior litigation" or an "earlier action" as the litigation expenses were a result of the same case.

"In the usual case, the attorney's fees will have been incurred in connection with a prior action; but there is no reason why recovery of such fees should be denied simply because the two causes * * * are tried in the same court at the same time." *Prentice v. North American Title Guaranty Corp.*, 30 Cal Rptr 821, 381 P2d 645 (1963).

The defendant Westlund is entitled to have his judgment against the defendant Title Company increased to include the additional sums of $2,085 and $135 as damages for the attorney fees and costs which he was required to pay to the plaintiff.

Affirmed in part; reversed in part.