Argued and submitted April 1, affirmed October 30, 1985

## C.A.R. TOW, INC. et al,
*Respondents,*

*v.*

## CORWIN,
*Appellant.*

(142654; CA A32131)

708 P2d 644

Gary E. Norman, Albany, argued the cause for appellant. With him on the brief was Scott & Norman, P.C., Albany.

Jan Arthur Bull, P.C., Salem, argued the cause and filed the brief for respondents

Before Richardson, Presiding Judge, and Warden and Newman, Judges.

NEWMAN, J.

## NEWMAN, J.

Defendant appeals a judgment for plaintiff, based on a jury verdict, for $1,414 general damages and $2,500 punitive damages for fraud and $10,000 general damages for defamation. He assigns as error that the court denied his motion at the close of plaintiff's case for a directed verdict on the defamation claim, asserting that plaintiff's evidence of damage was insufficient. He also assigns as error that the court granted plaintiff's motion, at the close of defendant's case, for a directed verdict on defendant's counterclaims for fraud and unlawful trade practices. ORCP 60. We affirm.

In reviewing defendant's first assignment of error, we view the evidence in the light most favorable to plaintiff. *Green v. Uncle Don's Mobile City,* 279 Or 425, 427, 568 P2d 1375 (1977). The jury could have found these facts. Plaintiff[1] is a franchisee for an emergency road towing service of the American Automobile Association (AAA). The AAA franchise accounts for a substantial portion of plaintiff's business. AAA could cancel the franchise on 15 days' notice. Defendant was a member of AAA. His car stalled in Salem. At defendant's request, plaintiff towed the car to its shop. Defendant authorized plaintiff to repair it.

Plaintiff charged $1,114 for the repairs. The jury could have found that the charge was in accord with the parties' agreement. Defendant, believing that he had been overcharged, decided that he would pay for the repairs by check, reclaim the car and then stop payment on the check. Defendant's father went to plaintiff's shop, signed the vehicle repair order which authorized that the work be done at a cost of $1,114, delivered defendant's check and reclaimed the car. Defendant then stopped payment.

Sometime later, defendant sent to AAA in Portland an "Emergency Road Service Report." On it he had checked the two boxes next to the printed words "overcharge" and "other." Next to the word "other" he wrote "excessive repairs." Next to the printed words "action requested," he wrote "cease and desist unnecessary repairs." Defendant attached a letter to the report in which he claimed that much

---

[1] We refer to C.A.R. Tow, Inc., as plaintiff. The other plaintiff is Roundtree, the towing company's president and general manager.

of the work done by plaintiff was unauthorized and that he "had been taken advantage of."

The court did not err when it denied defendant's motion for a directed verdict on the defamation claim. Defendant's argument in support of his motion was that plaintiff's claim was for contractual interference, not defamation, because plaintiff had alleged that his contractual relationship with AAA "has been interfered with all to its damage in the sum of $25,000." Accordingly, defendant asserts that plaintiff must, but did not, prove special damages. In the alternative, defendant argues that, even if the claim was for defamation, plaintiff had to prove special damages, because he had pleaded them.[2]

■ Plaintiff's second claim is for defamation. Indeed, the complaint is labeled "Action at Law for Deceit and Defamation." Moreover, plaintiff pled and proved all the elements of libel. In a libel claim, the plaintiff need not allege or prove special damages. *Hinkle v. Alexander,* 244 Or 267, 411 P2d 829, 417 P2d 586 (1966). "If the communication was capable of a defamatory meaning and was so understood by the recipients, damage is assumed although no special harm or loss of reputation results therefrom." *Beecher v. Montgomery Ward & Co.,* 267 Or 496, 501, 517 P2d 667 (1973). *See also Harley-Davidson v. Markley,* 279 Or 361, 568 P2d 1359 (1977). Although plaintiff alleged an amount of damages from the defamation, its prayer was for "general damages." The court did not err in submitting plaintiff's defamation claim for general damages to the jury.

■ The court also did not err in directing a verdict for plaintiff on defendant's counterclaims for fraud and unlawful trade practices on the ground that he did not prove damage. The only damage on the claims that defendant offered to prove was his attorney fees to defend against plaintiff's claims. Defendant did not plead, prove or suffer any other loss from plaintiff's allegedly fraudulent activity.

■ Defendant cites *Hoage v. Westlund,* 43 Or App 435, 602 P2d 1147 (1979), in support of his argument that attorney fees alone can support an action for damages. In *Hoage,* a

---

[2] Defendant does not assert that the court should have granted his motion for a directed verdict because plaintiff did not prove general damages.

seller of real property brought an action against his purchaser and the title company for the alleged failure of both parties properly to prorate and pay taxes. The court there affirmed the purchaser's judgment on his cross-complaint against the title company for his attorney fees incurred in defending against the seller's action. *Hoage,* however, is distinguishable. There, the purchaser had incurred attorney fees as a result of the title company's negligence. Here, defendant's own misconduct precipitated the legal dispute. We hold that defendant's attorney fees here do not support a counterclaim for fraud.

■ Moreover, attorney fees are not an "ascertainable loss" within the meaning of ORS 646.638(1). ORS 646.638(3) provides that a prevailing party may recover attorney fees "in addition to the relief provided in this section." Although even a very small loss can qualify as an "ascertainable loss," *Weigel v. Ron Tonkin Chevrolet Co.,* 298 Or 127, 136, 690 P2d 488 (1984), defendant's attorney fees are not the type of loss that ORS 648.638(1) contemplates, because the legislature provided an independent basis for the recovery of attorney fees. Accordingly, the judge did not err in directing a verdict for plaintiff on this claim.

Affirmed.