Argued and submitted October 10, affirmed December 21, 1988

COLONIAL BANKING COMPANY,
*Appellant,*

*v.*

MOUNTAIN TITLE COMPANY, INC.,
*Respondent.*

(86-3628-J-1; CA A47623)

766 P2d 411

Jeffrey W. Foxx, Medford, argued the cause and filed the briefs for appellant.

Ronald K. Cue, Ashland, argued the cause and filed the brief for respondent.

Before Warden, Presiding Judge, and Graber and Riggs, Judges.

WARDEN, P. J.

## WARDEN, P. J.

Plaintiff appeals from a judgment in favor of defendant in this action for negligence and breach of contract. Plaintiff asserts that defendant acted negligently and violated a promise when it recorded two deeds that plaintiff had accepted in lieu of foreclosure (the deeds in lieu). Defendant failed to notice that another trust deed conveying the property had been recorded before it recorded the deeds. The trial court held that, because plaintiff did not act reasonably to avoid the consequences of defendant's negligence, it could not recover. We affirm.

In 1982 and 1983, plaintiff loaned money to Parker Adams, taking as collateral two trust deeds on real property that he owned in Jackson County. By the end of 1983, Adams was in default on both trust deeds, and plaintiff considered foreclosure. After discussions with Adams, however, it agreed to accept deeds to the property in lieu of foreclosure. Because plaintiff was aware that those deeds would make its interests inferior to any liens that had arisen between the recording of the trust deeds and of the deeds in lieu, it asked defendant to prepare a preliminary title report. That report, made as of December 27, 1983, showed no intervening liens, and plaintiff then accepted the deeds. In order to preserve its priorities, plaintiff instructed defendant to record the deeds in lieu only if there were no changes since the preliminary title report. Plaintiff did not order a title policy and paid only defendant's minimum fee.

Adams executed a trust deed to the properties in favor of his sister Alexandra on January 26, 1984, and Alexandra recorded it on February 1. Defendant did not discover that trust deed when, in the middle of February, it updated its earlier report. It recorded the deeds in lieu on February 17. Plaintiff did not learn of Alexandra's trust deed until late June, when it was in the process of selling the property to a third party. Plaintiff did not consult an attorney, and its officers did not know that a court might cancel the deeds in lieu and reinstate its trust deeds with their previous priorities, allowing plaintiff to institute foreclosure actions. *See Holzmeyer v. Van Doren,* 172 Or 176, 139 P2d 778 (1943). Instead, plaintiff completed the sale. As part of the sale, defendant, as trustee under the trust deeds to plaintiff,

executed and recorded reconveyances of the beneficiary's interests to plaintiff.

After plaintiff sold the property, Alexandra filed an action to foreclose her trust deed. The trial court held that plaintiff had lost its opportunity to cancel the deeds in lieu when, with knowledge of Alexandra's trust deed, it requested defendant to execute the reconveyances and defendant did so. Plaintiff ultimately paid Alexandra over $38,000 to remove her lien from the property. It is that amount that it seeks to recover in this action.[1]

The trial court held that plaintiff was entitled to rely on its instruction to defendant not to record the deeds in lieu if there were intervening liens and that defendant was negligent because it failed to exercise due care before recording them. The court thus based defendant's potential liability on negligence rather than on breach of contract. The court then held that, by not seeking to reinstate and foreclose its trust deeds from Adams, plaintiff failed to avoid the consequences of defendant's negligence and, therefore, could not recover its damages. It therefore entered judgment for defendant.

■ Plaintiff first assigns error to the court's failure to determine whether defendant breached a contract as well as acted negligently. It asserts that the court required plaintiff to prove that the consequences of defendant's negligence were not avoidable, but that the burden of proof would have been on defendant under a breach of contract theory. It makes a number of assignments attacking what it perceives as the court's having placed the burden of proof on the avoidable consequences issue on it. It does not assert, however, that the substantive law of avoidable consequences is different under a contract theory from what it is under negligence law.

The court did not determine that the evidence was in equipoise and therefore that plaintiff had to lose because it had failed to meet its burden. Rather, it evaluated the evidence and ruled for defendants on the merits. Its statement that "Plaintiff has failured [sic] to sustain its burden of proof" referred to plaintiff's burden in the case as a whole, not to its

---

[1] Plaintiff does not claim damages either because defendant's failure would have increased the cost of foreclosing its trust deeds from Adams or because the time that it would have taken to foreclose might have caused it to lose a sale.

burden on the avoidable consequences issue alone. The court's further statement that "defendant should prevail on its claim that plaintiff failed to exercise due care in order to avoid the consequences of the situation" suggests that the court placed the burden on the issue on defendant, not on plaintiff.

In its final assignment,[2] plaintiff argues that the court should have ruled that defendant did not assist in avoiding the consequences of its negligence and therefore cannot use that doctrine to avoid liability. Plaintiff points out that defendant executed reconveyances of the beneficiary's interest under Adams' trust deeds to it, at plaintiff's request, without telling plaintiff that it probably could reinstate those trust deeds to their previous priority. Thus, plaintiff argues, defendant is as responsible for the failure to avoid consequences as is plaintiff.

■ ■   The doctrine of avoidable consequences places the victim of a tort under a disability to collect for losses that the victim could have avoided by reasonable conduct. *See Blair v. United Finance Co.,* 235 Or 89, 91, 383 P2d 72 (1963); *United States v. Firchau,* 234 Or 241, 249-250, 380 P2d 800 (1963). What is reasonable conduct, of course, is normally a matter of fact, and in this legal action we cannot disturb the trial court's finding unless there is no evidence to support it. Or Const, Art VII (amended) § 3; *Campbell v. Karb,* 303 Or 592, 596, 740 P2d 750 (1987); ORCP 62F.

■   There is evidence to support the trial court's finding that, until the reconveyances, plaintiff could have regained the former priorities for its trust deeds and that it requested the reconveyances as part of the closing of the sale of the property on July 23, 1984. The reconveyances were executed on July 25 and were recorded on July 30. There is also evidence that defendant knew of the possibility of reinstating its trust deeds by July 23. On that date, defendant wrote plaintiff and stated that foreclosure of those trust deeds was one course that plaintiff could pursue. Plaintiff had an attorney whom it regularly consulted, but it did not seek his advice. The trial court concluded that plaintiff, if it had acted reasonably, could

---

[2] In its third assignment, plaintiff argues that the court erred when it held that plaintiff could have reinstated its trust deeds from Adams after it learned of Alexandra's intervening trust deed. Plaintiff is wrong. *See Holzmeyer v. Van Doren, supra.* Plaintiff did not distinguish or discuss this case.

have reestablished priorities over Alexandra's trust deed and thereby have avoided the damages that it seeks to recover.[3] The trial court did not err in the ways that plaintiff asserts.

Affirmed.

---

[3] Plaintiff argues that it was reasonable for it to complete the pending sale rather than to wait for the completion of an action to foreclose its trust deeds, because the market was falling and its security was in jeopardy. Plaintiff does not seek damages for a lost sale, and the court could find, as it did, that the possibility of loss from a falling market was too speculative to justify plaintiff's failure to seek to regain the former priorities.