Argued and submitted September 17, 1990, affirmed February 6, 1991

Derril O. SIMPSON,
*Respondent,*

*v.*

STATE OF OREGON,
*Third-Party Plaintiff - Appellant,*
*and*

Ralph COBB,
*Third-Party Defendant.*

(16-86-03611; CA A62054)

805 P2d 734

Meg Reeves, Assistant Attorney General, Salem, argued

the cause for appellant. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Michael A. Greene, Portland, argued the cause for respondent. With him on the brief were B. Carlton Grew and Rosenthal & Greene, P.C., Portland.

Before Deits, Presiding Judge, and Newman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

The issue is whether plaintiff is entitled to recover from defendant State of Oregon interest that accrued on a judgment against him when the resolution of his appeal from that judgment was delayed by the trial court clerk's failure to mail a notice required by ORCP 63E. The trial court awarded plaintiff damages in an amount equal to the interest that accrued during that delay. We affirm.

The parties stipulated to the facts.[1] In a separate action, Marjorie Simpson had obtained a judgment against plaintiff. Plaintiff filed a motion for judgment notwithstanding the verdict or, alternatively, a new trial. The trial court denied that motion; however, the trial court clerk did not mail a notice of the date of entry of that order to plaintiff's attorney, as required by ORCP 63E. When plaintiff appealed from the judgment, Marjorie Simpson moved to dismiss the appeal, because the notice of appeal was not timely filed. We dismissed the appeal for that reason, *Simpson v. Simpson,* 73 Or App 1, 697 P2d 570 (1985); however, the Supreme Court reinstated the appeal. *Simpson v. Simpson,* 299 Or 578, 704 P2d 509 (1985). We subsequently affirmed the judgment against plaintiff. *Simpson v. Simpson,* 83 Or App 86, 730 P2d 592 (1986), *rev den* 303 Or 454 (1987).

Defendant argues that plaintiff is not entitled to recover the accrued interest for several reasons. First, defendant argues that "[p]laintiff has not been damaged to the extent of accrued interest because he has not lost the use of the amount of the judgment." In this regard, defendant contends that this case is controlled by *Hoage v. Westlund,* 43 Or App 435, 441, 602 P2d 1147 (1979), where a contract of sale for a building provided that the taxes on the building for the year in which the sale occurred would be prorated as of the date of the agreement. A title company was employed by the parties to close the sale, and they instructed it to prorate the taxes. The plaintiff, the seller, sought damages from the purchaser, Westlund, for failure to prorate and pay taxes correctly on the building in accordance with the contract of sale. Westlund

---

[1] In its brief, defendant concedes that it has "admitted liability" for the trial court clerk's alleged negligence and both parties assume that defendant was liable. Although that concession was not included in the stipulated facts, we accept defendant's admission of liability without commenting on the merits of it.

filed a cross-complaint against the title company for the amount of damages that he was required to pay the plaintiff. 43 Or App at 437.

One of the issues on appeal was whether Westlund was entitled to recover damages equal to the amount of prejudgment interest that the plaintiff recovered against him. In that context, we noted that "[i]nterest is money paid for the use of money." We held that Westlund "had the use" of the amount of money represented by the underlying judgment before the judgment was entered; therefore, he was not entitled to recover damages equal to the interest on that amount from the title company. 43 Or App at 441.

Plaintiff does not argue that he is entitled to the accrued interest as compensation for the use of his money. Rather, he argues that he is entitled to the accrued interest, because it is damage resulting directly from defendant's negligence. Accordingly, this case is not controlled by the rule that we cited in *Hoage v. Westlund, supra,* 43 Or App at 441. *See Spreader Specialists v. Monroc, Inc.,* 114 Idaho 15, 21-22, 752 P2d 617 (Idaho App 1987); *Rodrigues v. State,* 52 Hawaii 156, 167-69, 472 P2d 509 (1970).

The parties do not cite, and we have not found, any Oregon case that has addressed the recoverability of interest incurred as a direct result of a defendant's negligence. However, several other jurisdictions have addressed the issue under similar circumstances. In *Spreader Specialists v. Monroc, Inc., supra,* the plaintiff sought to recover interest on a loan that it took out to finance the repair of a vehicle that the defendant had damaged. The court held that "interest charges incurred on a loan obtained in good faith, as part of a reasonable course of action to mitigate losses, may be recovered as an item of consequential damages." 114 Idaho at 22. (Footnote and citations omitted.)

Similarly, in *Rodrigues v. State, supra,* the plaintiffs obtained a loan to repair flood damage to their house caused by the defendant's negligent maintenance of a drainage culvert. The court concluded that

"the expense of interest charges on the loan incurred by the [plaintiffs] was attributable to the damage caused by the overflow of waters from the blocked culvert. We hold, therefore, that interest charges, as an incidental expense of a loan which

is incurred by the claimant in good faith to mitigate damages, may be recovered as an item of compensatory damages in civil suits." 52 Hawaii at 167. (Citations omitted.)

The plaintiffs in *Sanders v. Park Towne, Ltd.*, 2 Kan App 2d 313, 578 P2d 1131 (1978), were vendors of a mobile home park who brought an action for fraud and breach of fiduciary duty against, among others, the escrow agent and two title companies involved in the sale and refinancing of the park. The plaintiffs lost their right to a second mortgage lien during the transaction. The trial court allowed "prejudgment interest on the unpaid balances of plaintiffs' notes as an element of damages." The escrow agent and title companies argued that the interest damages violated "the general rule against prejudgment interest on unliquidated tort claims." However, the court concluded that

> "the interest on the notes was part of the actual damages suffered by the plaintiffs. Although the court did not make findings regarding the value of the property and the amount outstanding on the first mortgage, it apparently concluded that a valid second mortgage would have fully secured the amount due on the notes plus interest. *Where interest is part of the actual loss it is recoverable.*" 2 Kan App 2d at 320. (Citations omitted; emphasis supplied.)

■ ■  As those opinions demonstrate, interest that is incurred as a result of a defendant's tortious conduct may be allowed as consequential damages. "[A] negligent defendant is liable for reasonably foreseeable consequential damages attributable to its negligence[.]" *See McKee Electric Co. v. Carson Oil Co.*, 70 Or App 1, 8, 688 P2d 1360 (1984), *aff'd* 301 Or 339, 723 P2d 288 (1986). Plaintiff argues that he is entitled to the interest that accrued on the underlying judgment "from the date the Motion to Dismiss the Appeal was filed * * * until the [date that the] appeal was reinstated[.]" The parties stipulated to the amount of interest that accrued during that period. Defendant concedes liability for causing the delay in plaintiff's appeal during that period. Although defendant did not cause the underlying judgment to be entered against plaintiff, it agrees that it caused a delay in the appeal that, in turn, caused a greater amount of interest to accrue against plaintiff than if there had been no delay. Therefore, the accrued interest was consequential damage attributable to defendant's negligence. *See McKee Electric Co. v. Carson Oil Co., supra.*

■    Defendant also argues that, "[b]ecause plaintiff was compensated for the cost of the supersedeas bond, [awarding the] interest damages * * * constitute[s] double recovery." Defendant notes that "[t]he parties have settled plaintiff's claim for reimbursement of the cost of obtaining the bond * * * that allowed him to retain the amount of the underlying judgment pending appeal[.]" However, defendant has not explained how the cost of obtaining the bond compensated plaintiff for the accrued interest. Accordingly, we reject the argument.

Finally, defendant notes that the parties stipulated that plaintiff "could have earned 8 3/4 percent interest on any money invested in a certificate of deposit" during the delay in the appeal. Therefore, defendant argues, we should reduce the amount of the judgment by the interest that "plaintiff could have earned on the funds he retained during the pendency of the appeal." In this argument, defendant apparently relies on the doctrine of avoidable consequences, which "places the victim of a tort under a disability to collect for losses that the victim could have avoided by reasonable conduct." *Colonial Banking Co. v. Mountain Title Co.*, 94 Or App 491, 495, 766 P2d 411 (1988). However, defendant stipulated that plaintiff did not have liquid assets that he could have used to satisfy the judgment between the date when it was entered and the date when plaintiff filed the supersedeas bond in the form of a bank letter of credit. Moreover, the parties stipulated that the judgment was eventually paid with the bond and that plaintiff is repaying the bank.

Although the delay in the appeal delayed plaintiff's obligation to pay the judgment, defendant offered no evidence that plaintiff had liquid funds that he could reasonably have invested at the stipulated rate of interest. Therefore, we cannot conclude that plaintiff could have avoided the accrued interest by that method.[2]

Affirmed.

---

[2] Defendant does not argue that plaintiff could have taken any other reasonable steps to avoid the accrued interest.