Submitted on record and briefs January 24, 1992, reversed and remanded with instructions to dismiss in part and otherwise affirmed on appeals; affirmed on cross-appeal December 2, 1992, reconsideration denied February 24, petition for review allowed March 23, 1993 (315 Or 643)

## MANIFOLD BUSINESS AND INVESTMENT, INC.,
an Oregon corporation,
*Appellant - Cross-Respondent,*

*v.*

## Florence C. WROTEN
and Gloria J. Wroten,
*Respondents - Cross-Appellants,*

*and*

## Edward H. WROTEN, Jr.,
and Florence C. Wroten II,
who is also known as Joann C. Wroten,
*Defendants.*

## Florence C. WROTEN
and Gloria J. Wroten,
*Third-Party Plaintiffs -
Respondents - Cross-Appellants,*

*and*

## Edward H. WROTEN, Jr.,
and Florence C. Wroten II,
who is also known as Joann C. Wroten,
*Third-Party Plaintiffs,*

*v.*

## Reuben LENSKE,
*Third-Party Defendant -
Appellant - Cross-Respondent.*

## Reuben LENSKE,
*Fourth-Party Plaintiff -
Appellant,*

*v.*

## SCHWABE, WILLIAMSON & WYATT
and Gary Roberts,
*Fourth-Party Defendants -
Respondents.*

(A8902-00996; CA A65806)

843 P2d 950

Robert L. Kirkman, Judge pro tempore, and Donald H. Londer, Judge.

Norman D. Malbin, Portland, filed the briefs for appellant - cross-respondent Manifold Business and Investment, Inc.

Reuben Lenske, Portland, filed the briefs *pro se*.

Gary Roberts and Schwabe, Williamson & Wyatt, Portland, filed the brief for respondents - cross-appellants.

Alan A. Rappleyea and David B. Paradis, Portland, filed the brief for fourth-party defendants - respondents.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Plaintiff Manifold Business and Investment, Inc. (Manifold) brought this action for foreclosure of a land sale contract under which it held the seller's interest and defendant Florence Wroten and her deceased husband were the buyers. The other defendants are children of Florence, who were not parties to the contract. Florence and Gloria Wroten[1] counterclaimed against Manifold and brought a third-party action against Lenske, Manifold's president, alleging that the foreclosure action violated ORS 646.639(2)(k), a section of the Unlawful Debt Collection Practices Act (UDCPA), which provides:

> "It shall be an unlawful collection practice for a debt collector, while collecting or attempting to collect a debt to do any of the following:
>
> "* * * * *
>
> "(k) Attempt to or threaten to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist, or threaten to take any action which the debt collector in the regular course of business does not take."

A violation of UDCPA is actionable under ORS 646.641.

■ Its splenetic matter aside, the theory of defendants' claims appears to be twofold: Manifold and Lenske knew or had reason to know that they had no right to recover from Florence the attorney fees and costs that they sought in the foreclosure action, because those obligations under the contract had been discharged in bankruptcy; and they had no right to recover anything from Gloria, because she was not a party to the contract and she owed them nothing.

Lenske filed what the parties call a "fourth party action" against defendants' attorneys. The foreclosure action was tried to the court, which ordered foreclosure. The counterclaim and third-party claims were tried to a jury, which found for defendants and awarded compensatory and punitive damages against both Manifold and Lenske. The trial court dismissed the fourth-party action pursuant to defendants' motion under ORCP 21.

---

[1] We will refer to Florence and Gloria by name, when individual identification is necessary, and as "defendants" when they are being considered collectively.

There is no issue in this appeal pertaining to the judgment of foreclosure. Lenske appeals from the dismissal of his fourth-party action. His arguments are without merit, and we affirm the dismissal without further comment. Manifold and Lenske appeal from the judgment on the UDCPA claims, and defendants cross-appeal, arguing that they are entitled to a greater amount of attorney fees than the trial court awarded.

In *Porter v. Hill*, 314 Or 86, 95, 838 P2d 45 (1992), decided after this case was submitted, the court held that ORS 646.639(2)(k) is not violated by bringing a claim or action to collect a debt that the claimant knows or has reason to know does not exist. The court synopsized its reasoning by stating that "filing a civil action to collect an alleged debt is not an act attempting to enforce a 'right' or 'remedy' proscribed by ORS 646.639(2)(k) merely because all or part of the alleged debt does not exist."

The civil action in *Porter* was a direct claim to recover an alleged debt. The action here is for foreclosure of the land sale contract. Manifold and Lenske contend that UDCPA has no application to real estate transactions or, inferentially, to debts owed and collection activities under a land sale contract. We need not decide that question because, if UDCPA applies to real property transactions, so does the logic of *Porter v. Hill, supra.*

Part of the rationale for the court's holding in that case was that the word "debt" does not appear in ORS 646.639(2)(k), as it does in other paragraphs of the subsection, and the term "right" does not include "debts." The court also reasoned that, in the context of the statute, filing an action "is not ordinarily the sort of conduct that ORS 646.639(2)(k) proscribes," 314 Or at 93 (footnote omitted), and it is not a "remedy" within ORS 646.639(2)(k). There is no basis for concluding that that reasoning in *Porter* does not apply equally to all debtor-creditor arrangements, regardless of their source, or to all civil actions, regardless of their form.[2]

---

[2] The term "civil action" was not used as a term of art in the *Porter* opinion and, accordingly, we do not read it to denote only certain types of procedures. The court also, interchangably, used the terms "legal action" and just plain "action." We understand the court's meaning to be that, generically, the invocation of the judicial process is not a pursuit of a "remedy" proscribed by ORS 646.639(2)(k).

We hold that defendants have no claim under ORS 646.639(2)(k).

■ After the Supreme Court decided *Porter v. Hill, supra,* we requested memoranda from the parties to address the effect of that decision on these claims, also asking that they inform us whether defendants had proceeded under any provision of UDCPA other than ORS 646.639(2)(k). Manifold's attorney apprised us that defendants pleaded that Manifold and Lenske engaged in conduct forbidden by ORS 646.639(2)(n), which makes it an unlawful practice to

"[c]ollect or attempt to collect any interest or any other charges or fees in excess of the actual debt unless they are expressly authorized by the agreement creating the debt or expressly allowed by law."

However, Manifold argues, that allegation was not pursued at trial and the jury was instructed only in terms of the conduct that allegedly violated ORS 646.639(2)(k).

Defendants do not dispute that no instruction on their ORS 646.639(2)(n) theory was sought or given. They maintain, however:

"No one asked the court to instruct the jury separately on this theory because during discussions between the court and counsel regarding necessary instructions (none of these discussions were on the record) the court and all counsel agreed that there was no need for such an instruction. The jury then returned a general verdict for [defendants]. No separate instruction was sought because no one anticipated the decision in *Porter* or thought that under these facts there was any material difference between a subsection (k) and subsection (n) claim."[3]

We do not find that argument convincing. The fact that the court and all counsel might have agreed that there was no need for a separate instruction on the second theory does not alter the fact that the burden of requesting an instruction rested solely on the party espousing the theory. An instruction was necessary. The two UDCPA subsections prohibit different conduct, and defendants' two allegations describe different conduct. The jury was instructed that it

---

[3] We assume, for the sake of discussion only, that pursuing a civil action *could* constitute a violation of ORS 646.639(2)(n).

could find liability only for the conduct proscribed by ORS 646.639(2)(k).

Similarly, defendants' inability to anticipate the court's decision in *Porter* is of no significance, because *Porter* did not create the distinction between subsections (2)(k) and (2)(n). The legislature did that. Defendants pleaded separate allegations under the two subsections long before *Porter* was decided. At trial, however, without objection, they allowed only the subsection (2)(k) theory to go to the jury. As we have held, the subsection (2)(k) claims are not viable, and no other claims under UDCPA were preserved. The court erred by submitting the claims to the jury.[4]

Given that disposition, no extensive discussion of Manifold's and Lenske's other assignments of error is necessary, except to note that the awards of punitive damages and attorney fees against them automatically fall with the rest of the judgment on defendants' UDCPA claims.

Similarly, all that needs to be said about the cross-appeal is that defendants are not entitled to attorney fees.

On appeals, reversed and remanded with instructions to dismiss Florence and Gloria Wrotens' counterclaims and third-party actions based on the Unlawful Debt Collection Practices Act and otherwise affirmed; affirmed on cross-appeal.

---

[4] We note that a motion to dismiss for failure to state a claim — which this case in effect involves — can be raised and considered at any time, including on appeal.