Argued and submitted July 10, judgment reversed in part on appeal; affirmed on cross-appeal November 29, 1995

Howard R. HEDRICK,
*Appellant - Cross-Respondent,*

*v.*

Dixon SPEAR,
*Respondent - Cross-Appellant.*

(9206-04215; CA A80747)

907 P2d 1123

54

Kathryn H. Clarke argued the cause and filed the briefs for appellant - cross-respondent.

Barry L. Adamson argued the cause and filed the briefs for respondent - cross-appellant.

Before Riggs, Presiding Judge, and Landau and Leeson, Judges.

RIGGS, P. J.

## RIGGS, P. J.

Plaintiff, an attorney, brought this action against defendant, his former client, to collect fees for legal services rendered. Defendant filed counterclaims for unlawful debt collection practices, ORS 646.639 *et seq*, and unlawful trade practices, ORS 646.605 *et seq*. The jury returned a verdict for defendant on plaintiff's claim and on both counterclaims. On the counterclaim for unlawful debt collection practices, it awarded the statutory minimum damages of $200 and punitive damages in the amount of $8,482.79. On the counterclaim for unlawful trade practices, it awarded statutory minimum damages of $200 and punitive damages in the amount of $20,500. The trial court granted plaintiff's motion for a judgment notwithstanding the verdict judgment *n.o.v.* on the unlawful debt collection counterclaim. Plaintiff appeals the judgment for defendant on the unlawful trade practices counterclaim. Defendant cross-appeals the judgment for plaintiff on the unlawful debt collection practices claim.

Plaintiff and defendant had a longstanding personal and professional relationship. In late 1986, defendant hired plaintiff to provide legal services with regard to a real estate transaction. There was no written retainer or fee agreement between them. At the bottom of each bill that plaintiff sent to defendant appeared the following:

"LATE PAYMENT CHARGE: Monthly periodic rate of 1 ¹/₂%, 50 cent Minimum. ANNUAL PERCENTAGE RATE 19.56% on balances over 30 days, after deducting current payments. To avoid future LATE PAYMENT CHARGES, pay new balance within 10 days of receipt of statement."

Defendant received and paid a bill for legal services in January 1987. Plaintiff continued to represent defendant on the matter. In February, March and April defendant received bills from plaintiff but did not pay them. In May 1987, plaintiff began to assess late charges on defendant's bill. After plaintiff had completed his legal services to defendant, a large portion of the bill remained unpaid, and plaintiff filed this action. The dispute concerning the unpaid bills largely related to an alleged agreement by plaintiff to limit his fees. Plaintiff does not challenge the jury's resolution of that claim in defendant's favor.

■     Plaintiff's first five assignments of error relate to the trial court's denial of his motions to "strike" or withdraw from the jury's consideration defendant's counterclaim for unlawful trade practices. In reviewing those assignments, we view the evidence in the light most favorable to defendant. *Green v. Uncle Don's Mobile City,* 279 Or 425, 427, 568 P2d 1375 (1977).

■     The counterclaim alleged, in part:

"14.   At all times material herein, plaintiff and the professional corporation which purportedly assigned its account to plaintiff, were involved in the business, vocation and occupation of providing legal services.

"15.   In communications between plaintiff and defendant which resulted in defendant hiring plaintiff or the professional corporation which employed plaintiff, plaintiff made certain representations concerning the nature of the obligation being incurred. Plaintiff also made certain representations of fact concerning the price of services being provided.

"16.   Plaintiff's representations to defendant were made in the course of plaintiff's business, or the business of the professional corporation by which he was employed, and said representations were made willfully and are false.

"17.   Plaintiff and the professional corporation which employed him * * * in fact charged defendant substantially more fees than were represented.

"18.   Plaintiff's conduct has violated ORS 646.608(1)(k) in that plaintiff made false or misleading representations concerning the nature of the transaction or obligation incurred.

"19.   Plaintiff's conduct violated ORS 646.608(1)(s) in that plaintiff made false or misleading representations of fact concerning the offering price of services.

"20.   Defendant is entitled to recover $200 as actual damages under ORS 646.638(1)."

On the morning of trial, plaintiff filed what he characterized as a motion to strike the unlawful trade practices counterclaim, on the ground that the allegation concerning damages in paragraph 20 was inadequate. The court denied the motion as untimely, saying, "We will see what the evidence has to show." At the close of the evidence, plaintiff renewed his

motion to strike the counterclaim. The court treated the motion as a motion for directed verdict and denied it. We agree with the trial court that the motion is properly characterized as a motion for directed verdict, and we treat it accordingly.

■■   ORS 646.638(1) provides that damages are recoverable by

> "any person who suffers *any ascertainable loss of money or property*, real or personal, as a result of willful use or employment by another person of a method, act or practice declared unlawful by ORS 646.608." (Emphasis supplied.)

When asked on direct examination to describe his damages, defendant testified:

> "I am missing work right now. A considerable amount of time that I am being away from the factory and other court costs that I have to pay, more attorney fees that I have to pay."

Defendant's lost time from work while attending trial is not the type of loss intended to be recoverable in a claim for unlawful trade practices. Moreover, his testimony about additional fees refers to defendant's legal fees in *this* litigation, not to the disputed fees charged by plaintiff. Defendant's attorney fees and court costs incurred in this litigation may be separately recoverable in his claim for unlawful trade practices, if he prevails; they are not recoverable as damages. *C.A.R. Tow, Inc. v. Corwin*, 76 Or App 192, 708 P2d 644 (1985). There is an absence of any reference to any loss that defendant sustained as a result of the alleged excessive legal fees charged by plaintiff. There was much testimony concerning an alleged agreement by plaintiff to limit his fees, and testimony concerning what amounts were billed and what fees were collected. There was no evidence, however, that defendant actually *paid* fees in excess of the amount agreed upon or owed, only that he was billed for more than he had agreed to pay.

■■   Although defendant correctly notes that he is not required to prove the *amount* of ascertainable loss in order to recover nominal damages in a claim for unlawful trade practices, *Scott v. Western Int. Sales, Inc.*, 267 Or 512, 517 P2d 661 (1973), there must, at least, be *some* cognizable loss. 267

Or at 515. Other than the quoted testimony, counsel cites us to no evidence concerning damages in the unlawful trade practices counterclaim, and we hold that the evidence presented fails to establish a cognizable loss of money or property.[1] In sum, because defendant did not present evidence from which a jury could find that he suffered "any ascertainable loss of money or property" as a result of plaintiff's conduct, as required by ORS 646.638(1), we hold that the counterclaim should not have gone to the jury. Accordingly, the trial court erred in denying plaintiff's motion for a directed verdict on the counterclaim for unlawful trade practices. Because of our conclusion, we need not separately address plaintiff's arguments regarding the submission to the jury of the claim for punitive damages or the award of attorney fees. They are automatically reversed as a part of the reversal of the judgment on the claim.

■ In his cross-appeal, defendant contends that the trial court erred in granting plaintiff's motion for judgment *n.o.v.* on the counterclaim for unlawful debt collection practices. Defendant contends that plaintiff failed to preserve the basis for judgment *n.o.v.* by a motion for a directed verdict. As in his counterclaim for unlawful trade practices, at the close of the evidence, plaintiff made a motion to "strike" the counterclaim for unlawful debt collection practices and also requested a peremptory instruction on that claim. As did the trial court, we conclude that the motion has the substantive effect of a motion for directed verdict, and we treat it as such.

On the merits, defendant contends that the trial court erred in relying on *Porter v. Hill*, 314 Or 86, 838 P2d 45 (1992), as the basis for granting judgment *n.o.v.* to plaintiff on the counterclaim for unlawful debt collection practices. The counterclaim states:

"FIRST COUNTERCLAIM
"(Unlawful Debt Collection)

"For his first counterclaim against plaintiff, defendant alleges as his claim for relief:

---

[1] Defendant's counsel asserts that defendant's testimony shows that he has incurred excessive interest charges. As he concedes elsewhere, however, that testimony relates to the counterclaim for unlawful debt collection practices. Even assuming that it could have some bearing on the unlawful trade practices counterclaim, there is no evidence that the charges have been paid.

"7.

"Plaintiff is a person who in the ordinary course of business engages in consumer transactions.

"8.

"In June 1992, plaintiff filed in Multnomah County Circuit Court this lawsuit against defendant, a natural person who purchases or acquires property, services or credit for personal, family or household purposes.

"9.

"On or about June, 1992, plaintiff caused a summons and a copy of said complaint to be personally served upon defendant.

"10.

"Plaintiff's conduct has violated ORS 646.639(2)(n) by attempting to collect fees and/or interest and/or other charges which are not expressly authorized by any agreement or expressly allowed by law. Plaintiff * * * *first filed this lawsuit seeking to collect as a debt personal to him* a sum of money which, if owed at all, would have been owed to the professional corporation which previously employed plaintiff. Subsequently, plaintiff filed an Amended Complaint alleging that the alleged claim against defendant had been assigned to him by the corporation prior to the commencement of the lawsuit. *Plaintiff knows that the sum and fees and interest and other charges he seeks to collect from defendant in this lawsuit* are not owed to plaintiff nor the professional corporation which purportedly assigned the account to plaintiff. Defendant expressly denies that any money is owed to plaintiff or the professional corporation.

"11.

"Defendant is entitled to recover $200 as damages under ORS 646.641(1).

"12.

"Defendant is entitled to an award of his attorney fees pursuant to ORS 646.641(2).

"13.

"Plaintiff's conduct, described more specifically in paragraph 10, is and was intentional, willful and malicious, and in disregard of his social obligations, and plaintiff should be assessed punitive damages in the sum of $100,000 in order to deter plaintiff, and others similarly situated, from engaging

in such illegal and unethical conduct in the future."
(Emphasis supplied.)

Paragraph 10 alleges the substantive legal and factual bases
for the counterclaim. The sentence is a paraphrase of the
statute, which provides, in part:

"(2)   It shall be an unlawful collection practice for a debt
collector, while collecting or attempting to collect a debt to do
any of the following:

"* * * * *

"(n)   Collect or attempt to collect any interest or any
other charges or fees in excess of the actual debt unless they
are expressly authorized by the agreement creating the debt
or expressly allowed by law."

The remainder of paragraph 10 describes the precise conduct
alleged to have violated the statute. As the emphasized lan-
guage shows, the paragraph focuses on plaintiff's filing of this
lawsuit as the means of collecting unpaid fees and alleged
authorized charges. Relying on *Porter*, the trial court held
that the filing of a legal action is not an unlawful means of
debt collection.

In *Porter*, the plaintiff, a lawyer, brought an action
against his former client to collect fees for services rendered.
The defendant filed a counterclaim contending that the plain-
tiff had committed unlawful debt collective practices and
alleging that plaintiff "knows or should have known that the
debt does not exist or that he has no actionable debt with
respect to the alleged debt." The claim was based on para-
graph (2)(k) of the statute, which provides that it is an unfair
debt collection practice to

"[a]ttempt to or threaten to enforce a right or remedy with
knowledge or reason to know that the right or remedy does
not exist, or threaten to take any action which the debt
collector in the regular course of business does not take."

The court discussed generally the purpose of the statute to
prohibit the enforcement of a debt through coercive or abu-
sive tactics. The court reasoned that paragraph (k) of the
statute implicitly assumes the existence or possible existence
of the debt, and is intended to prohibit *abusive means* of
enforcing a debt. It held that the filing of a civil action to
collect or attempt to collect an alleged debt is not an attempt

to enforce a remedy that does not exist, in violation of ORS 646.639(2)(k).

In *Manifold Business and Investment, Inc. v. Wroten*, 116 Or App 573, 843 P2d 950 (1992), *aff'd* 316 Or 338, 851 P2d 580 (1993), we expressly left unanswered the question whether the Supreme Court's analysis and holding in *Porter* are applicable to a case brought under ORS 646.639(2)(n). ORS 646.639(2)(n) prohibits the *collection* or *attempt to collect* interest or other charges in excess of the actual debt, unless expressly authorized by agreement. As does paragraph (k), paragraph (n) assumes the existence or possible existence of the debt and focuses on a *means* of collection: the adding of unauthorized charges. It does not describe any further what form the *collection* of the unauthorized charges must take. We conclude, however, that, as used in paragraph (n), collection does not encompass the filing of a legal action. As the Supreme Court said in *Porter*, there are paragraphs of the statutes that expressly prohibit collection activities that side-step the legal process or use the appearance of legal authority when no such legal authority exists. ORS 646.639(2)(b), (c), (L). In contrast, the court said, "no paragraph [of subsection (2)] suggests that *actually* filing a legal action is prohibited." 314 Or at 93. (Emphasis in original.) 314 Or at 93. Although the court's comments were in reference to a claim brought under paragraph (k), we think that they apply with equal force to this claim under paragraph (2)(n). We conclude that the filing of a legal action seeking to recover allegedly unauthorized charges is not "the collection or attempt to collect" prohibited by ORS 646.639(2)(n). Rather, it is a correct means of resolving a disputed debt and charges. We agree with the trial court that the pleading does not state a claim for unlawful debt collection practices.

Defendant attempts to divert our attention from the allegations of the counterclaims. He says that although the counterclaim also "*alluded* to plaintiff's collection action via this litigation, that action merely comprised a subsidiary or secondary facet of plaintiff's attempts to collect fees not expressly authorized by agreement or by law." (Emphasis supplied.) We assume, although it is not expressly stated, that defendant is seeking a determination that the first sentence of paragraph 10 encompasses allegations of conduct and

refers to the sending of bills by plaintiff containing the alleged unauthorized interest charges. As we read the complaint, the first sentence of paragraph 10 states the legal basis for the claim, and the remainder of the paragraph is devoted to describing the conduct that is alleged to have violated the statute: the filing of this legal action.

Defendant claims that plaintiff has "mangled a proper description of defendant's first counterclaim in order to pound it into the *Porter* mold." To the contrary, the record shows that, throughout this litigation, plaintiff has asserted the same view in defense of the counterclaim: that it is not an unlawful debt collection practice to file a legal action attempting to collect a bill, even a bill containing disputed charges. Defendant stood by the pleadings and repeatedly referred to this litigation as forming the factual basis for the unlawful debt collection counterclaim. He did not argue before the trial court, as he now attempts to do on appeal, that the alleged misconduct was the sending of the bills, as opposed to the filing of this legal action. It is defendant on appeal who misconstrues the pleadings and the parties' positions at trial in order to avoid the rule stated in *Porter*.

On appeal, judgment for defendant on unlawful trade practices claim reversed; affirmed on cross-appeal.